Hamilton **BRANCH**, Petitioner,

v.

Dr. George **BETO**, Director, Texas Department of Corrections, Respondent.

Civ. A. No. 70–H–286.

United States District Court,
S. D. Texas,
Houston Division.

Sept. 6, 1973.

John L. Boettner, Jr., Charleston, W. Va., Roy E. Greenwood, Huntsville, Tex., for petitioner.

Dunklin Sullivan, Austin, Tex., for respondent.

## MEMORANDUM AND ORDER

SINGLETON, District Judge.

Petitioner was convicted in state court of felony theft. His punishment, enhanced under the Texas recidivist statute,[1] was set at life. The conviction was affirmed by the Texas Court of Criminal Appeals in Branch v. State, 445 S.W.2d 756 (1969). After exhausting his state remedies, petitioner asks

---

1. Article 63, Vernon's Ann.Penal Code provides:

    "Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

for habeas corpus relief alleging his imprisonment is illegal and in violation of the Constitution for four reasons.

■■ First, petitioner contends that he was denied his sixth amendment right to counsel at his examining trial. In Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), the Supreme Court held that a preliminary hearing under Alabama law was a "critical stage" of the criminal process and that an accused is constitutionally entitled to assistance of counsel at that proceeding. Since the "examining trial" under Texas law is for all practical purposes the same as the preliminary hearing under Alabama law, it is likewise a critical stage of the criminal process at which the accused is constitutionally entitled to counsel.[2] However, the question whether *Coleman* is to be applied retroactively was foreclosed in Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972), where the Supreme Court held that *Coleman* was not to be applied to a counsel-less preliminary hearing which occurred prior to June 22, 1970. Since petitioner's examining trial was held in 1966, there is no per se sixth amendment violation.[3] Even so, the question of retroactive application *vel non* is not necessarily controlling of this contention. In Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882 (1966), the Supreme Court reasoned:

"Thus while Escobedo and Miranda provide important new safeguards against the use of unreliable statements at trial, the nonretroactivity of these decisions will not preclude persons whose trials have already been completed from invoking the same safeguards as part of an involuntariness claim." *Id.* at 730, 86 S.Ct. at 1779.

With analogous rationale, the Court in Stovall v. Denno, 388 U.S. 293, 87 S. Ct. 1967, 18 L.Ed.2d 1199 (1967) gave as one of the factors considered in holding Wade nonretroactive:

"[In pre-Wade-Gilbert cases] it remains open to all persons to allege and prove . . . that the confrontation resulted in such unfairness that it infringed his right to due process of law." *Id.* at 299, 87 S.Ct. at 1971.

A fortiori, in *Adams, supra*, the Court noted that a claim of actual prejudice "would entitle [the accused] to a hearing without regard to today's holding that Coleman is not to be retroactively applied." 405 U.S. at 285, 92 S.Ct. at 920. Therefore, the question that is determinative of this contention is whether petitioner can show that actual prejudice arose from his examining trial.

■ Essential to this issue is a factual background. Petitioner was arrested April 4, 1966, and charged with felony theft of an automobile. The examining trial was held on May 2, 1966, at which time petitioner was indigent and was not represented by counsel. He was indicted on June 28, 1966, the indictment alleging felony theft of an automobile and two prior felony convictions for enhancement under Article 63, V.A.P.C. His first trial was on October 6, 1966. The jury returned a verdict of guilty on the primary offense but the trial court [4] found that the state failed to prove one of the two alleged prior felony convictions and assessed his punishment at ten

---

2. Compare Ala.Code Tit. 15, §§ 139, 140, 151 with Vernon's Ann.Code of Crim.Procedure, Articles 16.01–16.21.

3. For other cases discussing the retroactive application of *Coleman*, see Bonner v. Pate, 430 F.2d 639 (7th Cir. 1970); Konvalin v. Sigler, 431 F.2d 1156, 1159–1160 (8th Cir. 1970); Phillips v. North Carolina, 433 F.2d 659 (4th Cir. 1970); Harris v. Neil, 437 F. 2d 63 (6th Cir. 1971); Olsen v. Ellsworth, 438 F.2d 630 (9th Cir. 1971).

4. Under Texas law, a criminal trial is bifurcated. Guilt or innocence is decided first, and in a separate, second proceeding punishment is assessed. The punishment may be assessed by the trial judge or by the jury at the election of the accused. Article 37.07, V.A.C.C.P. Petitioner elected to have the trial judge assess punishment in his first trial; in his second and third trials he elected to have the jury assess punishment.

years in accord with Article 62, V.A.P.C.[5] as being a second offender. On November 2, 1966, petitioner's motion for new trial was granted. His second trial also ended in a guilty verdict on the primary offense. However, this time petitioner elected to have the jury assess punishment. The jury found that the state proved the two prior felony convictions and accordingly assessed his punishment pursuant to Article 63, V.A.P.C. at life. Although his motion for new trial was denied, petitioner was allowed to withdraw his notice of appeal and was granted another new trial. On August 6, 1968, petitioner was tried for the third time on the same indictment. Once again, as in his second trial, the jury found him guilty of the primary offense of felony theft and at the punishment juncture found that the state proved the existence of the two prior felony convictions. Punishment was again assessed at life.

It is observed that no portion of the examining trial was offered at the third trial[6] and there is no showing that appellant gave up any rights or claimed defenses at a time when he was not represented by counsel. At the time of the third trial, petitioner had been represented by either appointed or retained counsel for over two years, he had had the benefit of discovery and cross-examination of the state witnesses in the two prior trials, and there was no confession or incriminating evidence introduced at his third trial that had been arrived at through the examining trial. Petitioner has failed to show that he was harmed in any identifiable way during the peri-

od he was not represented by counsel. Petitioner points out that under the facts of his case, he could have been charged with a misdemeanor instead of felony theft and argues that had he been represented by an attorney at his examining trial the state might have so charged him. However, we note that this option was open to the State in all three trials and since he was represented by counsel in those trials, this court fails to see how he was actually prejudiced by not having counsel at the examining trial.

Petitioner's second contention is that he was tried twice for the same offense in violation of the double jeopardy provision of the fifth amendment. The posture of this complaint is that since the trial judge at the punishment hearing in the first trial found that the State failed to prove one of the prior felony convictions alleged in the indictment, the State should have been precluded from alleging that prior conviction in the second and third trials under the rationale of Green v. United States (1957), 355 U.S. 184, 78 S.Ct. 221, 2 L. Ed.2d 199.

In *Green*, the jury was authorized under the indictment to find the defendant guilty of either first degree murder [killing while perpetrating a felony] or, alternatively, of second degree murder [killing with malice aforethought]. The jury returned a verdict of guilty of second degree murder. That conviction was reversed on appeal and the cause was remanded for new trial. At the second trial, he was tried for first degree

---

5. Article 62, V.A.P.C. provides:
   "If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."
   The statutory punishment for theft of property of the value of fifty dollars or over is confinement in the penitentiary not less than two nor more than ten years. Article 1421, Vernon's Ann.P.C.

6. It should be noted that had this examining trial been conducted after the date of the *Coleman* decision, it would be a matter of no moment whether testimony adduced at the counsel-less examining trial was introduced at the trial in chief. Under Alabama law, testimony or evidence adduced at a preliminary hearing at which the accused is not represented by counsel is not admissible at the trial in chief. Even so, the Court in *Coleman* held that the denial of counsel at the preliminary hearing was a denial of his sixth amendment right to counsel.

murder. The Supreme Court held that this second trial for first degree murder placed him in jeopardy twice for the same offense. The rationale of the Court was that the jury's verdict of second degree murder is regarded as an "implicit acquittal on the charge of first degree murder." See cases collected in the annotations cited under 59 A.L.R. 1160 and 114 A.L.R. 1406.

■■ It is petitioner's position that *Green* should apply so that the trial judge's finding at the first trial (that the existence of one of the prior convictions was not proved) should operate as an acquittal as to that allegation and thereby preclude the State from alleging that conviction for enhancement purposes on retrial. Although persuasive at first blush, the contention fails upon closer analysis. Traditionally, the enhancement portions of an indictment is not considered a "count" or as a "lesser included offense." Where on the one hand the Texas courts apply the rule in *Green* to the situation in which the defendant is convicted of a "lesser included offense" to prevent a prosecution for the greater offense on a new trial (Welcome v. State, 438 S.W.2d 99 (Tex.Cr. App.); Article 37.14, V.A.C.C.P.) on the other hand the Texas courts have held that where the enhancement allegations were ignored by a jury in a prior case, it did not prevent their reuse at a subsequent trial. Sigler v. State, 143 Tex. Cr.R. 220, 157 S.W.2d 903; Turner v. State, 471 S.W.2d 56 (Tex.Cr.App.). And on numerous occasions the Texas courts have held that allegations as to prior convictions do not constitute "counts" in the indictment. *E. g.* Square v. State, 145 Tex.Cr.R. 219, 167 S.W.2d 192; Beck v. State, 420 S.W.2d 725 (Tex.Cr.App.); Steward v. State, 422 S.W.2d 733 (Tex.Cr.App.); Baker v. State, 437 S.W.2d 825 (Tex.Cr.App.). The rationale behind this distinction appears to be grounded on an observation by Lord Campbell in an old English case:

"A statement of a previous conviction does not charge an offense. It is

only the averment of a fact which may affect the punishment. The jury does not find the person guilty of the previous offense; they only find that he was previously convicted of it, as a historical fact."

Regina v. Clark, Dears, 198 and 201. The distinction appears to be valid because (1) the enhancement allegations are no part of the substantive offense; (2) it is but a historical fact to show the persistence of the accused, and the futility of ordinary measures of punishment as related to him; and (3) the enhancement allegations do not create a new offense but are offered for the purpose of arriving at the punishment to be assessed in the event of a present conviction. The rationale of *Green* does not apply because the finding of the trial court that the State failed to prove petitioner was the same person as was convicted before of a felony is not an acquittal of that prior conviction and does not erase from the public records the historical fact of his prior conviction.

■■ Petitioner's next two contentions assert due process violations. The basis of the first attack is the case North Carolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. In that case the Supreme Court was concerned with a defendant who was given a greater sentence after retrial than the sentence received at the first trial. The same judge imposed both sentences. The Court held that although there was no violation of the provisions against double jeopardy or the Equal Protection Clause, due process "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." 395 U.S. at 725, 89 S.Ct. at 2080. In order to assure the absence of actual vindictiveness, or the fear of vindictiveness, the Court held that whenever a judge imposes a harsher sentence upon a defendant after a new trial, the reason for doing so must affirmatively appear in the record. Petitioner's complaint is that the reason for a harsher sentence does

not affirmatively appear in the record. Although *Pearce* can be factually distinguished on the ground that there a judge sentenced Pearce on both trials, the underlying reasons for the decision do apply to the case at bar. The *Pearce* rule appears satisfied because the reason for the harsher sentence affirmatively appears in the record. At the second and third trials, there was additional proof that petitioner had been twice before convicted of felonies less than capital. Thus establishing an operative fact which the Texas Legislature deems significant to withdraw from the discretion of the judge or jury the job of sentencing. Nevertheless, Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) is more nearly in point and is controlling. In *Chaffin*, it was held that a harsher, jury-imposed sentence on retrial violates neither the jeopardy clause nor the fourteenth amendment due process clause "so long as the jury is not shown to be motivated by vindictiveness."

The relevant inquiry under this approach is whether vindictiveness could have played a part in the jury's finding that the State proved the existence of the two prior convictions alleged in the enhancement portion of the indictment. In this regard, there is no showing that the jury was informed that the state failed to prove one of the prior convictions in the first trial or that he was sentenced to ten years in his first trial. Since the jury's finding under the provisions of Article 63, V.A.P.C. is factual in nature and the length of sentence is automatically set by statute, this court cannot conclude that the jury was motivated by vindictiveness in finding that he had been twice before convicted of felonies.

Petitioner's second due process argument is that vindictiveness on the part of the prosecutor is indicated by his choice to prosecute under Article 63 as opposed to Article 62, V.A.P.C. Since the State prosecuted petitioner under Article 63, V.A.P.C. in the first trial as well as the second two trials, this court cannot conclude that the State through its prosecuting attorney acted vindictively. *Cf.* Arechiga v. State of Texas, 469 F.2d 646 (5th Cir. 1973).

Finally, petitioner challenges the constitutionality of the Texas Recidivist statutes. Without deciding whether the contention is properly before us,[7] the following quote from Spencer v. Texas (1967), 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 appears to answer the challenge:

"No claim is made here that recidivist statutes are themselves unconstitutional, nor could there be under our cases. Such statutes and other enhanced-sentence laws, and procedures designed to implement their underlying policies, have been enacted in all the States, [footnote omitted] and by the Federal Government as well. [Citations omitted.] Such statutes, though not in the precise procedural circumstances here involved, have been sustained in this Court on several occasions against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities. [Citations omitted.]"

385 U.S. at 559–560, 87 S.Ct. at 651, 17 L.Ed.2d at 611.

For the reasons stated herein, the petition for writ of habeas corpus is denied.

---

7. The constitutional challenge was raised for the first time at the hearing on petitioner's application for Writ of Habeas Corpus before this court.