Joseph Lavonnie GLASSCOCK,
Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

March 23, 1978.

Certiorari Denied by Supreme Court
Aug. 28, 1978.

J. B. Cobb and Janet L. Richards, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert Grunow, Asst. Atty. Gen., Nashville, Henry P. Williams and Donald D. Strother, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

DAUGHTREY, Judge.

This appeal represents a consolidation of two cases tried before separate juries in the Shelby County Criminal Court. At the first trial the defendant-appellant, Joseph Lavonnie Glasscock, was convicted of third degree burglary and received a sentence of six to ten years. Following a bifurcated hearing, the same jury found the defendant not to be an habitual criminal. At the second trial on an unrelated charge, Glasscock was found guilty of grand larceny. In addition, he was found by the second jury to be an habitual criminal, and his six to ten year sentence for larceny was enhanced to a life sentence under T.C.A. § 40–2806.

On appeal from these two convictions, the defendant attacks (1) the constitutionality of the habitual criminal statute, (2) the validity of the imposition of a life sentence for recidivism at the second trial, on the basis of a claimed double jeopardy violation, and (3) the correctness of the trial court's jury instructions. We find no merit to his assignments of error, and, accordingly, we affirm both convictions.

■ The courts of Tennessee have repeatedly held that the state's habitual criminal statute does not violate the due process or equal protection provisions of the state and federal constitution; nor does its imposition result in cruel and unusual punishment. *See, e. g., State ex rel. Ves v. Bomar,* 213 Tenn. 487, 376 S.W.2d 446 (1964); *Hobby v. State,* 499 S.W.2d 956 (Tenn.Crim. App.1973). *See also Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), holding that selective enforcement of recidivist statutes is not unconstitutional; *cf. Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). Since the statute is immune from constitutional attack such as that launched by this defendant, it follows that the trial court committed no error in refusing to order the taking of pre-trial interrogatories aimed at establishing selective enforcement of the habitual criminal statute; nor did the trial court err in refusing to allow voir dire of prospective jurors concerning their predilections toward the imposition of the mandatory life sentence required by T.C.A. § 40–2806. The related assignments of error are therefore overruled.

■ The defendant next argues that the judgment of the trial court in the second case finding him to be an habitual criminal and imposing a life sentence constitutes double jeopardy because he had been "acquitted" of being an habitual criminal at the first trial, under a count which recited the same prior convictions proved at the second trial as the basis for the jury's determination of habitual criminality. We disagree with this analysis. The action of the first jury regarding the recidivist count did not operate to "acquit" the defendant of the underlying convictions recited in that count, and thus it did not bar the enumeration of those convictions in any subsequent recidivist count. *Pearson v. State,* 521 S.W.2d 225 (Tenn.1975). There was no double jeopardy violation, and the assignment is therefore overruled.

■ Finally, the defendant complains of the trial court's refusal to charge three special requests related to his insanity defense. Much of the requested material was fully and correctly charged by the trial judge, with one exception. The defendant unsuccessfully requested the following jury instruction:

> When a person charged with a criminal offense is acquitted of the charge on a verdict of not guilty by reason of insanity, the district attorney general may seek hospitalization of the defendant under [T.C.A.] § 33–603 or § 33–604 as appropriate, if he determines hospitalization to be justified.

The defendant insists that this instruction is mandatory as the result of the Tennessee Supreme Court's opinion in *Graham v. State,* 547 S.W.2d 531 (Tenn.1977), in which the court adopted the Model Penal Code's standard for the determination of insanity, making it applicable to all trials or re-trials beginning on or after the release of the *Graham* decision. It is true that in the

**356**

course of its opinion, the *Graham* court did bemoan "a deficiency in Tennessee law relating to the disposition of a criminal defendant found not guilty by reason of insanity," pointing out that " 'the district attorney-general *may* seek hospitalization' " of the defendant. 547 S.W.2d at 544. However, this language was clearly dicta and must be understood for what it was: a plea to the legislature to cure the deficiency identified in the opinion, *i. e.* the fact that the procedure in question is purely discretionary with the district attorney. Thus, nothing in the *Graham* opinion changes the court's previous holding in *Edwards v. State,* 540 S.W.2d 641, 648–9 (Tenn.1976), to the effect that it is not error to refuse to charge a jury as to what the effect of a finding of not guilty by reason of insanity would be, because such a charge "is not relevant to the issue of . . . guilt or innocence," and there are "so many options and alternatives available, depending upon the mental condition of the accused, it would be highly conjectural and would involve the jury in speculation as to what might happen to the accused." We conclude that *Edwards* is controlling on the case before us, and we therefore overrule the defendant's remaining assignments of error.

Finally, we note that in response to the Supreme Court's plea in *Graham v. State, supra,* the legislature in 1977 amended the provisions of T.C.A. § 33–709 to require detention for diagnosis and evaluation of any defendant found not guilty by reason of insanity under T.C.A. § 40–2530. Under Subsection (e) of § 33–709, as amended, the jury must now be instructed in each case "in which the issue of insanity at the time of the commission of the offense is raised . . . that a verdict of not guilty by reason of insanity . . . shall result in automatic detention of the person so acquitted in a mental hospital or treatment center," as provided by § 33–709(a). These amendments were not effective until May 28, 1977, however, and thus are not applicable to the trials in the defendant's two cases, which occurred on March 3 and March 30, 1977.

The judgment of the trial court is affirmed.

WALKER, J., and ARTHUR C. FAQUIN, Jr., Special Judge, concur.