**Lula Mae REED, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Oct. 26, 1978.

On Petition to Rehear Jan. 4, 1979.

Certiorari Denied by Supreme Court
April 9, 1979.

Edward T. Thompson, Public Defender, Charles E. Baucum, Asst. Public Defender, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., James R. Garts, Jr., Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DUNCAN, Judge.

In the first phase of a bifurcated proceeding, the appellant-defendant, Lula Mae Reed, was convicted in the Shelby County Criminal Court of shoplifting. In the second phase, the jury found her to be guilty of shoplifting, as a third offender, and imposed as enhanced punishment a penitentiary sentence of not less than one year nor more than two and one-half years.

In this appeal, the defendant complains about the admission into evidence of an eight-track stereo tape, the alleged insufficiency of the evidence, and the attorney general's argument. We find merit to the defendant's complaint about the proof in this case insofar as it pertains to that part of the indictment which charged her with having been previously convicted of shoplifting offenses.

This prosecution arose out of the taking by the defendant of an eight-track stereo tape from a Kroger store. The evidence clearly shows that the defendant is guilty of the present offense of shoplifting, and

she does not contest the sufficiency of the evidence regarding the present offense.

■ The defendant's first assignment of error concerns the introduction into evidence of the stereo tape, and alleges that there was a faulty chain of custody. David Jones, co-manager of the Kroger Store, brought the tape to the trial and testified that he had kept the tape in his desk drawer from the date of the incident until he brought it to court. He identified the tape as the one stolen by the defendant. There was no defect in the chain of custody. Also, with the evidence showing that the tape was not in possession of or under the control of the State's attorney or any law enforcement officer, the defendant was not entitled to the benefit of the discovery provisions of T.C.A. § 40–2044. The tape was properly admitted into evidence.

Next, the defendant argues that the trial court should have directed a verdict of not guilty with respect to the second part of the indictment, insisting that the proof was insufficient to show her guilt of the prior shoplifting offenses alleged, and that there were variances between the indictment allegations and the proof. We find merit to this contention.

The second part of the indictment alleged that at the time of the current offense (May 8, 1977), the defendant had been previously convicted in the Shelby County Criminal Court of three shoplifting offenses, to-wit:

| | Court | Indictment No. | Charge | Conviction Date |
|---|---|---|---|---|
| 1. | Div. V | B–11932 | Shoplifting | March 29, 1969 |
| 2. | Div. III | B–27672 | Shoplifting | July 6, 1971 |
| 3. | Div. III | B–37701 | Shoplifting | December 7, 1976 |

We find that the proof in this case is totally lacking to establish these prior convictions as alleged in the indictment. For some reason not apparent in the record, the State did not offer to prove these alleged prior convictions by introducing the minutes of the court. Rather, the State embarked on a protracted and confusing course seeking to establish its case by having a deputy clerk of the court to testify from information contained on or in the court's "yellow jackets" concerning these prior cases.

The State filed as exhibits copies of the entries made on these jackets in an attempt to prove the alleged prior convictions. We find them woefully inadequate for the purposes intended. For example, the jacket entry concerning the first alleged prior offense (Indictment No. 11932) shows no judgment of conviction. There is a handwritten entry, apparently made by the foreman [1] of the jury stating:

"We the jury find Lula Mae Reed guilty of shoplifting as conformed with the in-

dictment and fix her punishment at $50.00 fine."

There is nothing signed or approved by the trial judge and no indication that the trial judge ever approved or entered any judgment on this jury verdict. Further, the indictment had alleged that this former conviction had occurred on March 29, 1969. There is no date showing when the jury verdict was entered. According to the deputy clerk's testimony, he could not determine from the jacket the date of the disposition of this offense but stated that the last court appearance marked on the jacket was March 28, 1969.

Regarding the second alleged prior offense (Indictment No. B–27672), the State attempted a similar approach to prove that conviction. There is an entry on that jacket, ostensibly signed by the trial judge, as follows:

"As to Lula Mae Reed, plea of guilty to shoplifting, as charged in the indictment,

---

1. The deputy clerk testified that the name signed on the entry was illegible. We have inspected that document and we agree.

the court finds the defendant guilty and fix her punishment at confinement for thirty (30) days in the Shelby County Jail."

This entry is dated June 17, 1971, and the jacket indicates that the proceedings occurred in Division I of the court. The present indictment alleges that this prior conviction occurred on July 6, 1971, in Division III of the court.

Because of these variances between the indictment allegations and the proof, the trial judge did not submit this alleged prior conviction to the jury.

Regarding the third and last alleged prior conviction (Indictment No. B–37701), the jacket contains the following entry:

"On a plea of guilty by the defendant to shoplifting as charged in the indictment, punishment is fixed at confinement for four (4) months in the Shelby County Jail."

The name "William H. Williams" is written under this entry, which we assume is the trial judge's signature. Even if it is his signature, this entry cannot be afforded the dignity of a final judgment. Moreover, this entry also carries with it no date of disposition. The State attempts to establish this conviction date as December 7, 1973, because that is the last date in order that appears elsewhere on the jacket. Even if this 1973 date could be accepted, we hasten to point out that the indictment alleged that this third prior conviction had occurred on December 7, 1976, three years later.

The State attempted to bolster its case by introducing copies of the original indictments, which listed the dates of the occurrences of the alleged prior offenses. But these indictments cannot be used in any manner to show the dates and final judgments of the alleged prior convictions. Further, they cannot serve as a vehicle to cure the variances that exist between the allegations in the current indictment and the proof as introduced.

Further, the testimony of Sgt. Jerry McElrath, fingerprint expert for the Memphis Police Department, cannot aid the State's case here.

■ In an effort to establish the defendant's identity, the State offered Sgt. McElrath and his records to show that this defendant had been arrested for shoplifting on certain dates, ostensibly the same dates as those alleged in the original indictments concerning the prior offenses.[2] This officer's testimony is in the same posture as the original indictments in the prior cases; neither his testimony nor the indictments can properly or validly establish any dates of convictions, or that final judgments were rendered in the cases in question.

The trial court recognized that the State's proof left much to be desired. At one point, the court stated:

"Let me say this. I don't know of any way that you can prove officially what happened in a criminal court other than through the minutes of that court."

The district attorney general, conceding that, "there are some variances" and "I don't understand how someone could have drafted this and come up with variances like this," nevertheless argued that the variances were mere surplusage. The State, in its brief, refers to the errors as merely "technical" ones and argues that the proof is sufficient to show these prior convictions.

■ We disagree with the contentions made by the State. The defendant, among other things, is entitled to be apprised of the accurate dates of the prior convictions which the State intends to rely on for enhanced punishment purposes. Also, the State is obligated to prove that there was a final conviction for each of these prior offenses. These things were not done in this case. We sustain this assignment.

■ In her last assignment, the defendant says that the attorney general wrong-

2. Even here, we would point out another glaring error. Sgt. McElrath testified that one of the defendant's arrests was for an offense that occurred on May 19, 1973. However, the original indictments allege no offense as having occurred on that date. The nearest one to it is Indictment No. 37701, which alleges an offense as having occurred on May 10, 1973.

fully argued to the jury that this was the type of case where they could "do something to show the public in general, and to show—." The court sustained the defendant's objection to this line of argument, and we hold that this innocuous comment was harmless.

For the reasons stated herein, we vacate that portion of the court's judgment finding the defendant to be a third offender of the shoplifting laws, and the enhanced punishment set by the court for the defendant is hereby set aside. We dismiss that portion of the indictment. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

We find that the evidence of the defendant's guilt of the present offense of shoplifting is conclusive. Therefore, we affirm her conviction for the present offense and remand this portion of the case to the trial court for a punishment trial. *See Huffman v. State,* 200 Tenn. 487, 292 S.W.2d 738 (1956).

DWYER and BYERS, JJ., concur.

## OPINION ON PETITION TO REHEAR

DUNCAN, Judge.

Our opinion in this case was filed on October 26, 1978. The State filed a petition to rehear on Monday, November 13, 1978. Under the provisions of T.C.A. § 16–451, the State had 15 days in which to file its petition. That period would ordinarily have expired on Friday, November 10. However, November 10 was a legal holiday, and must be excluded from the time formula set forth in T.C.A. § 1–302. Likewise, because of the provisions of that statute, the succeeding Saturday and Sunday must also be excluded. By following the computation formula set forth in the statute cited, Monday, November 13, was the 15th day. This petition was filed on that day; thus the appellant's insistance that the petition was not timely filed is not meritorious.

In its petition to rehear, the State asks us to reconsider the part of our opinion in which we vacated that portion of the trial court's judgment which found the appellant to be a third offender of the shoplifting laws. In our original opinion, we dismissed that portion of the indictment [1] which had charged her with being a third offender, and cited as authority for our ruling the case of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). It was our opinion then, and still is, that *Burks* would preclude a retrial on that portion of the indictment.

In our original opinion, we based our ruling on the fact that the State had failed to offer sufficient evidence to prove the appellant's alleged prior convictions.

The record in this case is abundantly clear that the proof adduced on the enhanced punishment phase of this trial was totally insufficient to support a jury finding that the State had proved that the defendant had been convicted of the prior shoplifting offenses, as alleged in the indictment. The appellant moved for a directed verdict on that portion of the indictment. The trial court erred in not granting that motion. The appellant was entitled to a verdict of acquittal as to her third offender status. From our review of the record, and as we understand the law, it was, and is, our duty to enter a verdict of acquittal in this regard.

If the trial court had determined that the State's evidence on the point in question was insufficient and had directed a verdict of not guilty on that portion of the indictment, as it should have done, it could not seriously be argued that the appellant could be tried again. Where we, as the reviewing court, determine that the evidence is insufficient, then the effect is the same, and the appellant cannot be retried.

In *Burks v. United States, supra,* the court specifically held that a defendant may not be tried a second time when a review-

---

1. The indictment in this case was not labeled as a two-count indictment. However, in one section the defendant was charged with a present offense of shoplifting, and in a separate section with being a repeat offender.

ing court has determined that in a prior trial the evidence was insufficient to sustain the verdict of the jury. Among other things, the court said:

> Consequently, as Mr. Justice Douglas correctly perceived in *Sapir* (*Sapir v. United States,* 348 U.S. 373, 75 S.Ct. 422, 99 L.Ed. 426), it should make no difference that the *reviewing* court, rather than the trial court, determine the evidence to be insufficient, see 348 U.S., at 374, 75 S.Ct. at 422. The appellate decision unmistakably meant that the District Court had erred in failing to grant a judgment of acquittal. To hold otherwise would create a purely arbitrary distinction between those in petitioner's position and others who would enjoy the benefit of a correct decision by the District Court. See *Sumpter v. DeGroote,* 552 F.2d 1206, 1211–1212 (CA7 1977).
>
> The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. 98 S.Ct. at 2147.

The State analogizes in support of their position that in habitual criminal prosecutions, the fact that a defendant may have been acquitted of being an habitual criminal on one occasion would not bar a finding of his habitual criminality in another prosecution, even though the latter finding was based on the same prior offenses that the first prosecution was predicated upon. For this proposition, the State correctly relies on *Pearson v. State,* 521 S.W.2d 225 (Tenn. 1975), and *Glasscock v. State,* 570 S.W. 2d 354 (Tenn.Cr.App.1978). We point out that both of those cases dealt with successive prosecutions where different triggering offenses were involved, and we readily concede that those case holdings are correct legal propositions, so long as a different triggering offense is involved. With respect to the present case, if the appellant were re-indicted for a new and different triggering offense, then without question the State would be within its rights to use her prior offenses for enhancement purposes.

Further, if one is acquitted of being an habitual criminal, then he cannot again be prosecuted for habitual criminality, absent an intervening conviction of one of the required triggering felonies. We find this latter conclusion to be well supported by our Supreme Court's language in *Pearson v. State, supra,* as follows:

> It is an elementary proposition that the double jeopardy provisions of the State and Federal Constitutions preclude a second conviction under the habitual criminal statutes, absent the intervening conviction for one of the specific felonies. Again, it is the subsequent felony conviction that triggers the statute. 521 S.W.2d at 227.

It is also true, as the State argues, that habitual criminality is a status and not an offense. However, before one can be found guilty of being an habitual criminal—or of being a repeat offender of the shoplifting laws—there must be a specific finding of such by the jury. See T.C.A. § 40–2805. To that extent then this specific finding is a part of the jury verdict, and once the die is cast by either a jury verdict, or a directed verdict of acquittal by the judge—or reviewing court as in the present case—because of the insufficiency of the evidence, then under the holdings of *Burks v. United States, supra,* the accused may not be subjected to another prosecution involving the same case for the purpose of enhanced punishment.

The State cites two cases, *Davis v. Bennett,* 400 F.2d 279 (8th Cir. 1968), *cert. den.* 395 U.S. 980, 89 S.Ct. 2137, 23 L.Ed.2d 768, and *Branch v. Beto,* 364 F.Supp. 938 (S.D. Tex.1973) for the proposition that the appellant's prior convictions may be used for enhancement purposes upon a retrial for the same triggering offense. In our opinion those cases, which pre-dated the *Burks* decision, would no longer serve as any authority for the proposition stated. We hasten to point out that prior to *Burks,* Tennessee, as well as practically all other jurisdictions, had always allowed a retrial of cases that had been reversed at the appellate level because of insufficient evidence.

Unquestionably, the jury verdict in the present case, in addition to finding the appellant guilty of the present offense, necessarily included the additional finding that she was a repeat offender of the shoplifting laws. We have found that the State failed to adduce sufficient evidence to support that finding by the jury, thus mandating an acquittal. Therefore, the State may not now be allowed to subject the defendant to another trial, on this same indictment, before a different jury, in an attempt to prove what it could not prove at the original trial. The State has had their opportunity to present their evidence in an effort to prove the appellant's status as a repeat offender of the shoplifting laws and has failed to do so. As we read *Burks,* the prosecution is not permitted to have a " 'second bite at the apple.' " *Burks v. United States, supra,* 98 S.Ct. at 2150.

We adhere to the ruling made in our original opinion. We enter a judgment of acquittal for the appellant on the enhanced penalty phase of this trial and dismiss that portion of the indictment. We affirm the appellant's conviction for the present offense of shoplifting and remand that portion of the case to the trial court for a punishment trial solely as it pertains to the present offense.

The State's petition to rehear is dismissed.

BYERS, J., concurs.

DWYER, Judge, dissenting.

I am in respectful disagreement with my brethren where they dismiss the timely filed petition to rehear of the State.

I would grant the petition for I think it contains merit that the inadequacy of proof as to the prior convictions of the appellant did not and do not involve a double jeopardy question.

The majority in denying the petition to rehear holds that to allow a retrial of appel- lant on the sole question to determine whether or not she is a repeated offender is barred by *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), which is based, as I view it, on retrials barred solely on the basis of double jeopardy.

The proof at the bifurcated proceedings here was offered simply and solely to achieve enhanced punishment and had nothing whatsoever to do with guilt or innocence, for that had already been determined. With guilt already firmly established, the inadequacy of the State's attempt to prove the prior convictions does not, as I view it, come within the penumbra of *Burks v. United States, supra.* I see little difference between the attempt at enhancement of punishment and proving prior convictions for the purpose of establishing the status of habituality. In other words, our Supreme Court has held the proving of prior convictions in habitual criminal proceedings does not involve double jeopardy. *Pearson v. State,* 521 S.W.2d 225 (Tenn.1975); *Glasscock v. State,* 570 S.W.2d 354 (Tenn.Cr.App.1978), certiorari denied August 28, 1978. It is my belief that a remand and retrial on the question of prior convictions alone is not barred by any constitutional provision. Hence, *Burks v. United States, supra,* is not controlling. As Mr. Chief Justice Henry states in *State v. Johnson,* 569 S.W.2d 808 (Tenn.1978), "it is just that simple."

I would therefore grant the petition to rehear and reverse my position in the original opinion and remand this record for a trial solely on whether the punishment should be enhanced.