John Wesley DUFFEL,
Petitioner-Appellant,

v.

Michael DUTTON, Warden, Tennessee
State Penitentiary,
Respondent-Appellee.

No. 84–5982.

United States Court of Appeals,
Sixth Circuit.

Submitted Jan. 7, 1986.

Decided March 5, 1986.

William C. Wilson, Nashville, Tenn., for petitioner-appellant.

W.J. Michael Cody, Atty. Gen. of Tenn., Nashville, Tenn., Kevin Steiling, for respondent-appellee.

Before LIVELY, Chief Judge, WELL-FORD, Circuit Judge, and PORTER, Senior District Judge.*

LIVELY, Chief Judge.

This appeal from denial of a petition for a writ of habeas corpus presents a double jeopardy issue arising out of the retrial of an habitual criminal charge after the original sentence had been vacated for insufficiency of evidence. The district court concluded that the Fifth Amendment did not prohibit a second trial because the insufficiency of evidence was caused by an errone-

---

* The Honorable David Porter, Senior Judge, United States District Court for the Southern District of Ohio, sitting by designation.

ous ruling of the state trial court that excluded evidence offered by the State. The excluded evidence would have cured the deficiency. The petitioner also contends that the State violated due process by adding habitual criminal enhancement to a sentence that had already been enhanced. Oral argument was waived by the parties, and this appeal was submitted on the briefs. We disagree with the petitioner on both issues, and affirm.

## I.

### A.

In October 1980 Duffel was convicted in a Tennessee court of grand larceny and second-degree burglary while carrying a firearm. He received consecutive sentences of 12½ to 15 years imprisonment for burglary and 6 to 10 years for grand larceny. He also was found by the jury in the second part of a bifurcated proceeding to be an habitual criminal and was sentenced to life imprisonment on this finding. In attempting to prove Duffel's status as an habitual criminal the State showed that he had been convicted of four offenses in Tennessee and offered proof that he had been convicted twice in federal court for violating 18 U.S.C. § 2115, which provides a penalty of a fine or imprisonment of not more than five years, or both, for forcibly breaking into or attempting to break into a post office.

Tennessee defines habitual criminals as persons who have been convicted three times of felonies, either within Tennessee or under the laws of any other state or government, two of which must be felonies enumerated in the defining statute, Tennessee Code Annotated (T.C.A.) § 39–1–801 (formerly T.C.A. § 40–2801, until 1982). Since only one of Duffel's Tennessee convictions was for a crime listed in the statute, it was necessary for the State to prove that at least one of his federal convictions was for an enumerated offense. To accomplish this, the State offered transcripts of Duffel's federal court guilty pleas for the purpose of showing that the acts on which the federal convictions were based consti-

tuted third-degree burglary under Tennessee law, a qualifying offense under T.C.A. § 39–1–801. The trial court sustained an objection and excluded the transcripts on the ground that the State had failed to furnish the evidence during discovery. Nevertheless, the jury found that Duffel was an habitual criminal and he was sentenced to life imprisonment.

### B.

Duffel appealed his two felony convictions and the habitual criminal sentence on the ground, among others, of insufficiency of evidence. The Tennessee Court of Criminal Appeals found the evidence sufficient to support the guilty verdict on the two felony charges. The court found that the State virtually conceded that the evidence considered by the jury was insufficient to support a finding of habitual criminality. This was so because only one qualifying Tennessee conviction was proven and the State had not been permitted to show that at least one of the federal convictions qualified under T.C.A. § 39–1–801. The federal statute, under which Duffel was charged and pled guilty, proscribed both breaking into a post office and attempting to do so. Only an actual break-in would have been equivalent to one of the felonies listed in T.C.A. § 39–1–801. Thus it was necessary for the State to prove that Duffel pled guilty to an actual break-in, not just an attempt. However, the appellate court found that the trial judge had improperly sustained Duffel's objection to the proffered evidence. The court affirmed the felony convictions, but "set aside" the habitual criminal sentence and remanded the case for a new trial on the habitual criminal charge. *State v. Duffel,* 631 S.W.2d 445 (Tenn.Crim.App.1982).

On remand a jury again found Duffel to be an habitual criminal and again fixed his punishment at life in prison. Duffel appealed, arguing that the State violated the constitutional prohibition against double jeopardy by prosecuting him a second time as an habitual criminal. He also contended that the State violated due process by en-

hancing his sentence for armed burglary from 12½ to 15 years to life imprisonment, since the second-degree burglary sentence had already been enhanced because the defendant was carrying a weapon at the time he committed the offense. The court of criminal appeals rejected both claims and affirmed the life sentence. *State v. Duffel,* 665 S.W.2d 402 (Tenn.Crim.App.1983).

### C.

Duffel then brought this habeas corpus action, contending that the State committed constitutional violations in prosecuting him the second time as an habitual criminal after the first sentence was vacated for insufficiency of evidence, and in applying "double enhancement" to his burglary conviction.

The district court found that the state court of appeals had construed a state rule of evidence in holding that the trial court committed reversible error by excluding the federal transcripts, and that this ruling was not subject to attack in federal habeas corpus proceedings. Though Duffel's habitual criminal sentence was set aside on the first appeal for insufficiency of evidence, the defendant's objection and the trial court's error prevented the State from supplying evidence to cure the deficiency. Thus, the State had "mustered" sufficient evidence, but had been prevented erroneously from introducing it. Under these circumstances, the district court held, the second trial did not violate Duffel's right not to be twice put in jeopardy for the same offense. The district court also denied the claim of double enhancement and dismissed the petition.

### II.

█ In *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the Supreme Court held that an appellate court which reverses a conviction for insufficiency of evidence may not remand for a new trial, but must order the indictment dismissed:

> The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.

*Id.* at 11, 98 S.Ct. at 2147 (footnote omitted). The Court made a clear distinction between reversals for procedural errors and reversals for insufficient evidence, reaffirming the longstanding rule that there may be a second trial following reversal for error in the proceedings. *Id.* at 14, 98 S.Ct. at 2148. The *Burks* holding was applied the same day to a state prosecution that was before the Court by way of habeas corpus, in *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

The underlying assumption in *Burks* appears to have been that the prosecution simply failed to produce sufficient evidence of guilt, not that it produced such evidence but was prevented by the trial court from introducing it. The Court pointed out in a footnote that *Burks* was not such a case:

> There is no claim in this case that the trial court committed error by excluding prosecution evidence which, if received, would have rebutted any claim of evidentiary insufficiency.

437 U.S. at 5 n. 4, 98 S.Ct. at 2144 n. 4. The Court also observed that when charges are ordered dismissed by an appellate court for insufficiency of evidence "the prosecution cannot complain of prejudice, for it has been given one *fair opportunity* to offer whatever proof it could assemble." *Id.* at 16, 98 S.Ct. at 2149 (footnote omitted) (emphasis added).

█ We believe it is clear from the language of *Burks* that the Double Jeopardy Clause did not prevent a second trial of the habitual offender charge in the present case. The Tennessee appellate court determined that the trial court had committed error in excluding the proffered evidence. A federal court must accept a state court's interpretation of that state's statutes and rules of practice. *Hutchison v. Marshall,* 744 F.2d 44, 46 (6th Cir.1984), *cert. denied,* ── U.S. ──, 105 S.Ct. 1208, 84 L.Ed.2d 350 (1985). Our conclusion is buttressed by the discussion of *Burks* and *Greene* in

*Tibbs v. Florida,* 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). In *Tibbs* the Supreme Court held that there can be a second trial following a reversal on the ground that the guilty verdict was against the weight of the evidence. Drawing a distinction between a reversal for insufficient evidence and one based on a finding that a verdict is against the weight of the evidence, the Court described its holdings in *Burks* and *Greene* as follows:

> *Burks v. United States* and *Greene v. Massey* carved a narrow exception from the understanding that a defendant who successfully appeals a conviction is subject to retrial. In those cases, we held that the Double Jeopardy Clause precludes retrial "once the reviewing court has found the evidence legally insufficient" to support conviction. *Burks,* 437 U.S., at 18 [98 S.Ct. at 2150]; *Greene,* 437 U.S., at 24 [98 S.Ct. at 2154]. This standard, we explained, "means that the government's case was so lacking that it should not have even been *submitted* to the jury." *Burks,* 437 U.S., at 16 [98 S.Ct. at 2149] (emphasis in original). A conviction will survive review, we suggested, whenever "the evidence and inferences therefrom most favorable to the prosecution would warrant the jury's finding the defendant guilty beyond a reasonable doubt." *Ibid.* See also *Greene, supra,* at 25 [98 S.Ct. at 2154]. In sum, we noted that the rule barring retrial would be "confined to cases where the prosecution's failure is clear." *Burks, supra,* at 17 [98 S.Ct. at 2150].

*Tibbs,* 457 U.S. at 40–41, 102 S.Ct. at 2217. The Tennessee appellate court did not find that "the prosecution's failure is clear" in the present case. It found, instead, that a trial court error had made it impossible for the State to present sufficient evidence to the jury.

The Tennessee Court of Criminal Appeals demonstrated its correct understanding of *Burks* in *Reed v. State,* 581 S.W.2d 145 (Tenn.Crim.App.1979). In *Reed*

the court found the evidence sufficient on the "triggering charge," but insufficient with respect to a statutory requirement of three prior convictions under a different Tennessee recidivist statute. Because the State failed to produce sufficient evidence of the required number of prior convictions, the enhanced judgment was set aside and the portion of the indictment charging the defendant as a third offender was dismissed. *Id.* at 148–49.

The district court correctly held in the present case that the Double Jeopardy Clause did not prohibit a second trial of the habitual criminal charge under the circumstances disclosed by this record. See also *Linam v. Griffin,* 685 F.2d 369, 374 (10th Cir.1982), *cert. denied,* 459 U.S. 1211, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983) ("double jeopardy does not bar retrial when evidence is improperly excluded, ... [where reversal is] not the result of the state's negligently failing to muster its proof.").

### III.

■ Duffel also seeks habeas relief on the ground that his sentence was improperly enhanced by application of two separate enhancement statutes, claiming a due process violation. The prescribed punishment for second degree burglary in Tennessee is imprisonment for not less than ten nor more than fifteen years, except that when a defendant commits a burglary while in possession of a firearm, the minimum imprisonment is twelve and one-half years. Having once been enhanced from ten to twelve and one-half years, Duffel argues, the sentence could not be enhanced a second time to life imprisonment.

Duffel relies principally upon *Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980). In *Busic* the Supreme Court construed 18 U.S.C. § 924(c), which authorizes enhanced penalties for commission of a federal felony while using or possessing a firearm. The Court held in *Busic* that the punishment of a defendant who uses a firearm in the course of a

felony proscribed by a statute which itself authorizes enhancement if a dangerous weapon is used may not be enhanced further by application of § 924(c). *Busic,* 446 U.S. at 404, 100 S.Ct. at 1751. *Busic* was decided on the basis of statutory construction, not on the application of any constitutional provision. The Court determined the intent of Congress in adopting § 924(c), but did not purport to announce a general rule.

It is settled in Tennessee that habitual criminal statutes do not create separate crimes, but merely define the circumstances under which an enhanced punishment may be imposed for a charged offense. *Harrison v. State,* 394 S.W.2d 713, 714 (Tenn.1965). Just as habitual criminality is not an independent crime, enhancement is not a separate punishment. When a jury finds a defendant already convicted of the charged principal offense to be an habitual criminal, the enhanced sentence becomes the punishment for the principal offense. *Evans v. State,* 571 S.W.2d 283, 285 (Tenn. 1978). The portion of the judgment relating to the conviction for the principal offense is nullified by the finding that the defendant is an habitual criminal, so that only the enhanced sentence remains. *Meade v. State,* 484 S.W.2d 366, 368 (Tenn. Crim.App.1972).

Under Tennessee law Duffel is not serving a doubly enhanced sentence. When the court imposed a life sentence pursuant to T.C.A. § 39-1-801 the previously imposed sentence of 12½ to 15 years for armed burglary became "null and void." *Meade,* 484 S.W.2d at 368. Recidivist statutes have been held constitutional by the Supreme Court when challenged on double jeopardy as well as other grounds. See *Spencer v. Texas,* 385 U.S. 554, 559-60, 87 S.Ct. 648, 651, 17 L.Ed.2d 606 (1967), and cases cited therein. The enhancement of Duffel's sentence to life imprisonment did not subject him to double jeopardy or otherwise infringe his constitutional rights.

The judgment of the district court is affirmed.