827 F.2d 769
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas DAVIS, Petitioner-Appellant,
v.
Norris W. MCMACKIN, Respondent-Appellee.
 No. 87-3102
 United States Court of Appeals, Sixth Circuit.
 August 24, 1987.
 
 ORDER
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 
 1
 This appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner was convicted of murder following a bench trial in the Cuyahoga County Court of Common Pleas in 1983. Petitioner seeks habeas corpus relief on four grounds, all of which have been exhausted in the state courts. The district court found habeas relief unwarranted, and dismissed the petition.
 
 
 3
 First, petitioner contends that he was denied his right to a speedy trial. However, petitioner acknowledges executing a written waiver of this right. Petitioner was tried approximately five months after his indictment and has shown no actual prejudice from the delay. Further, it appears that petitioner did not assert this right at trial, and habeas relief is therefore unwarranted. See Redd v. Sowders, 809 F.2d 1266 (6th Cir. 1987); Payne v. Rees, 738 F.2d 118 (6th Cir. 1984).
 
 
 4
 Second, petitioner contends that he unknowingly waived his right to trial by a jury. However, petitioner admits executing a written waiver of this right as well, and the trial court conducted a colloguy with petitioner during which he specifically waived the right. Petitioner's bald allegations, unsupported by affidavits, are insufficient to demonstrate that the waiver was not knowing and intelligent. See United States v. Martin, 704 F.2d 267, 273-74 (6th Cir. 1983).
 
 
 5
 Third, petitioner contends that testimony, regarding a statement attributed to the decedent prior to his death, was erroneously excluded by the trial court. The Ohio Court of Appeals found the testimony inadmissible hearsay, and its exclusion therefore does not arise to constitutional error unless petitioner was thereby denied a fundamentally fair trial. See Duffel v. Dutton, 785 F.2d 131, 133 (6th Cir. 1986); Logan v. Marshall, 680 F.2d 1121, 1123 (6th Cir. 1982). Here, we agree with the district court that no error of constitutional magnitude has been shown given the evidence presented at trial, if any error is present at all.
 
 
 6
 Finally, petitioner alleges that the evidence presented at trial was insufficient to support a finding of intent to murder. The state court of appeals found ample support in the testimony of two eye-witnesses and a review of the record supports the facts as found by that court. A rational trier of fact could find that petitioner had the requisite intent, and habeas relief is therefore precluded. See Jackson v. Virginia, 443 U.S. 307 (1979); Brown v. Davis, 752 F.2d 1142, 1144 (6th Cir. 1985).
 
 
 7
 Therefore, it is ORDERED that the judgment of the district court be and it hereby is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.