# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

# AT JACKSON

MARVIN ANTHONY MATHEWS,     )
                                        )
         Petitioner,                 )    C. C. A. NO. 02C01-9701-CC-00024
                                          )
vs.                                 )    LAUDERDALE COUNTY
                                          )
STATE OF TENNESSEE,        )    No. 4863
                                          )
         Respondent.            )

## O R D E R

This matter is before the Court upon the state's motion, pursuant to Rule 20, Rules of the Court of Criminal Appeals, to affirm the judgment of the trial court in this case by order rather than formal opinion. The above-captioned case represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. The record was filed on January 17, 1997, and the petitioner filed his brief on March 27, 1997. The petitioner is currently serving a life sentence, having been found to be a habitual criminal, pursuant to T.C.A. § 39-1-806 (repealed 1989), in 1988. The petitioner contends that this statute violates his constitutional right to due process. He also contends that the reasonable doubt instruction used during trial is unconstitutional.

Having reviewed the state's motion in light of the petitioner's brief and the record as a whole, we conclude that the motion is well-taken and should be granted. In denying the petition, the trial court recognized that this state's habitual criminal act has been declared to be constitutional in several cases. See e.g. State ex rel. Ves v. Bomar, 376 S.W.2d 446 (Tenn. 1964); Glasscock v. State, 570 S.W.2d 354 (Tenn. Crim. App. 1978).

The trial court also found that the petitioner had failed to show "upon the face of the judgment or the record that the proceedings upon which the judgment [was] rendered that [the] convicting court was without jurisdiction or authority to sentence [the

petitioner] or that [the petitioner's] sentence of imprisonment or other restraint has expired." See State v. Archer, 851 S.W.2d 157 (Tenn. 1993).  We agree.  The convicting court in this case had jurisdiction over both the subject matter and person, and nothing in the record before us demonstrates that the convicting court's actions were unauthorized.  As noted above, the courts of this state have upheld the constitutionality of the statute at issue.  Neither has the petitioner shown that his sentence has expired.   The court below therefore correctly denied the petitioner the requested habeas corpus relief.

The petitioner also argues for the first time on appeal that the reasonable doubt instruction provided during his trial was constitutionally infirm.  Since, however, the petitioner failed to raise the issue below, this Court is precluded from considering it on appeal.  See T.R.A.P. 36(a).  Nonetheless, the courts of this state have consistently held that the instruction on reasonable doubt at issue here is constitutionally valid.  See e.g. State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994).

Accordingly, having reviewed the entire record in light of the petitioner's claims, we cannot find any error committed by the trial court in denying the petition.  It is therefore ORDERED that the state's motion is granted.  Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals, we affirm the trial court's denial of the petitioner's petition for writ of habeas corpus.  Costs of this appeal shall be assessed against the petitioner.

Enter, this the ___ day of May, 1997.

_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE

_____
JOE G. RILEY, JUDGE