IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION

FILED

March 2, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 01C01-9803-CR-00125 |
| Appellee, | * | DAVIDSON COUNTY |
| VS. | * | Hon. Frank G. Clement, Jr., Judge |
| WILLIAM M. NEELY, | * | (DUI Fourth Offense) |
| Appellant. | * | |

For Appellant:

Sam Wallace, Sr.
227 Second Avenue, North
Second Floor
Nashville, TN 37201

For Appellee:

John Knox Walkup
Attorney General & Reporter

Timothy Behan
Assistant Attorney General
Criminal Justice Division
2d Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243-0493

George Bonds
Assistant District Attorney General
222 Second Avenue, North
Nashville, TN 37201

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The defendant, William M. Neely, was convicted of DUI, fourth offense. The trial court imposed an eleven month, twenty-nine day sentence to be served at one hundred percent. He presents two general issues for our review:

> (I) whether the state proved his prior DUI convictions sufficiently to support the enhanced sentence; and

> (II) whether the trial court erred by failing to dismiss the charges on the grounds of unreasonable delay.

We affirm the judgment of the trial court.

### (I)

The defendant's first complaint is that the state did not adequately prove his prior DUI convictions. Therefore, he reasons, he cannot receive an enhanced sentence as a repeat offender.

A transcript of the guilt phase of the trial is not part of the record. In the second phase, the state presented the testimony of Kevin Sanders, the deputy court clerk, who testified that three court files contained records indicating that a William Michael Neely, date of birth March 17, 1948, had three prior DUI convictions entered on March 29, 1990. Sanders testified that the files established that one of the offenses occurred on May 8, 1988, one on August 29, 1989, and one on March 4, 1989. In those proceedings, the defendant was declared a six-time DUI offender.

Our DUI statute, of course, provides for enhanced penalties for repeat offenders. The law in effect when the defendant committed the offense, on June 10, 1996, provided that a person who commits a third or subsequent DUI is subject

2

to a "fine of not less than one thousand dollars ($1,000) nor more than five thousand dollars ($5,000) [and confinement] for not less than one hundred twenty (120) days nor more than eleven (11) months and twenty-nine (29) days ...." Tenn. Code Ann. § 55-10-403(a)(1) (amended in 1998 to make DUI fourth offense a Class E felony).

When the defendant is charged as a repeat DUI offender, the required procedure is as follows:

> [A] bifurcated proceeding is mandated. The first phase of the proceeding addresses the issue of the guilt or innocence of the defendant. ... If the jury returns a verdict of guilty, the jury, not the trial judge, must determine whether the defendant is a second or subsequent offender beyond a reasonable doubt.

State v. Sanders, 735 S.W.2d 856, 858 (Tenn. Crim. App. 1987). A finding that the defendant is a subsequent offender qualifies the offender for enhanced punishment but does not constitute "a new offense." Tenn. Code Ann. § 55-10-403(a)(2). See also State v. Ward, 810 S.W.2d 158, 159 (Tenn. Crim. App. 1991). In Ward, this court observed that the increased punishment provisions of our DUI statute are "analogous to the habitual criminal statutes which our courts have consistently held do not create a new offense but only provide for an enhanced punishment." Id.

The defendant contends that the proof was inadequate because the state should have produced the court's minutes reflecting entry of the prior convictions, rather than relying on the testimony of the court clerk. He cites Reed v. State, 581 S.W.2d 145 (Tenn. Crim. App. 1978), a case in which this court determined that the deputy clerk's testimony was insufficient to establish prior convictions.

In Reed, the defendant was convicted of shoplifting. At the second phase of the trial, the state attempted to show the defendant had three prior

3

convictions, thus establishing a status of repeat offender. 581 S.W.2d at 146. The deputy clerk testified to information contained in the "court's 'yellow jackets' concerning these prior cases." Id. at 147. Copies of the entries made on the jackets of the files were also entered into evidence. Id. A panel of this court ruled that the exhibits were "woefully inadequate for the purposes intended." Id. As to the first conviction, the file jacket indicated a jury verdict of guilty; but there was nothing on the jacket to indicate the trial judge approved the verdict or entered judgment. The document also did not indicate when the conviction had occurred. On the second conviction, the jacket did show the trial judge had entered judgment; however, the date of conviction did not match the date charged in the indictment. Due to the variances, the trial judge refused to submit this prior conviction for consideration by the jury. See Tenn. Code Ann. § 55-10-403(g)(2)(the indictment charging the defendant as a repeat offender must allege the date of the prior conviction). For the third conviction, the jacket contained an entry imposing sentence after the defendant's guilty plea. This court concluded that "this entry cannot be afforded the dignity of a final judgment" and determined that the entry was inadequate because it did not contain the date of disposition. Id.

In conclusion, this court ruled as follows:

We find that the proof in this case is totally lacking to establish the prior convictions as alleged in the indictment. For some reason not apparent in the record, the State did not offer to prove these alleged prior convictions by introducing the minutes of the court. Rather, the State embarked on a protracted and confusing course seeking to establish its case by having a deputy clerk of the court to testify from information contained on or in the court's "yellow jackets" concerning these prior cases.

***

... The defendant, among other things, is entitled to be apprised of the accurate dates of the prior convictions which the state intends to rely on for

4

> enhanced punishment purposes. Also, the state is obliged to prove that there was a final conviction for each of these prior offenses. These things were not done in this case.

Id. at 147, 148.

In our view, the ruling in Reed does not apply to these circumstances. The state may establish the prior convictions so long as the proof offered is admissible under our Rules of Evidence. The Reed decision does not require that the minutes of the convicting court are the only acceptable manner for establishing the prior offenses. In State v. Woodall, where the defendant was adjudicated an habitual offender, the supreme court held that several avenues were open to the state when proving prior convictions. 729 S.W.2d 91, 93 (Tenn. 1987). Certified copies of official records of convictions could be used as well as "official minutes, testimony of police officials or court personnel." Id. In State v. Rea, 865 S.W.2d 923, 924 (Tenn. Crim. App. 1992), this court ruled the state could utilize Tenn. R. Evid. 803(8), the hearsay exception governing admissibility of public records, as a means of proving prior convictions.

In this case, the deputy clerk testified without objection from the court files that the defendant had been previously convicted of DUI on three occasions. He also testified as to when the offenses occurred and when the convictions were entered. In our view, this testimony is sufficient to establish the prior convictions.

(II)

The defendant also complains the trial court erred by overruling his motion to dismiss on the grounds of unreasonable delay. The defendant filed his motion to dismiss on September 8, 1997. However, there is no indication that the trial court ever ruled on the motion. The defendant has neither produced an order

5

denying the motion nor provided a transcript of any hearing in which the issue might have been adjudicated in the trial court. "We [must] decide cases ... on the basis of the record as presented to us for our consideration." Dearborne v. State, 575 S.W.2d 259, 264 (Tenn. 1978). The burden is always upon the appellant to develop a record which conveys a fair, accurate, and complete account of those proceedings which form the basis of the appeal. Id. Because the defendant has failed to establish a record upon which the question can be considered, the ground has been waived.

      Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
John H. Peay, Judge


_____
Jerry L. Smith, Judge