LEE CANUPP, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

460 S.W.2d 382.

Court of Criminal Appeals of Tennessee. July 31, 1970.

Certiorari Denied by Supreme Court Nov. 2, 1970.

John M. Norris, Knoxville, for plaintiff in error.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, for defendant in error.

## OPINION

OLIVER, Judge.

. Lee Canupp, the petitioner below, an inmate of the

State Penitentiary where he is serving a life sentence adjudged by the Criminal Court of Knox County in 1953 upon his conviction of grand larceny and as an habitual criminal, appeals to this Court from the judgment of that court dismissing, after appointment of counsel but without an evidentiary hearing, his petition filed under the Post-Conviction Procedure Act of this State (T.C.A. § 40-3801, et seq.).

As we are unquestionably authorized to do, we have looked to the record of the petitioner's direct appeal to our Supreme Court from his original conviction, and to the record in his appeal in a former habeas corpus proceeding. Carmack v. Fidelity-Bankers Trust Co., 180 Tenn. 571, 177 S.W.2d 351; State ex rel. Wilkerson v. Bomar, 213 Tenn. 499, 376 S.W.2d 451; State ex rel. Brown v. Newell, 216 Tenn. 284, 391 S.W.2d 667; American National Bank v. Bradford, 28 Tenn.App. 239, 188 S.W.2d 971. The record of his original trial, in which the defendant was charged with third degree burglary, larceny, and with being an habitual criminal, shows that the jury returned the following verdict:

> "[T]hey find the defendant GUILTY of Grand Larceny and fix his punishment at confinement in the State Penitentiary for a period of 3 years, and also that they find the defendant is an Habitual Criminal as charged, and guilty as charged in the indictment."

Upon overruling the motion for a new trial, the trial court entered the following judgment: "It is therefore the judgment of the Court, upon the verdict of the jury heretofore entered on the minutes of this Court, that the defendant for the offense for which he stands convicted,

shall be committed as an Habitual Criminal to the State Penitentiary for the remainder of his natural life, * * *"

Upon appeal, the Supreme Court affirmed, rejecting the petitioner's contention that the habitual criminal statutes of this State were unconstitutional. Canupp v. State, 197 Tenn. 56, 270 S.W.2d 356.

In a habeas corpus petition styled State of Tennessee ex rel. Lee Canupp, Jr. v. C. Murray Henderson, Warden, filed on November 30, 1966, relying upon Harrison v. State, 217 Tenn. 31, 394 S.W.2d 713, the petitioner sought to invalidate his original conviction and sentence as an habitual criminal upon the ground that during his trial, and prior to his conviction for grand larceny, evidence of prior convictions was introduced before the jury as proof of his guilt as an habitual criminal. He sought to have *Harrison* applied retroactively to his 1953 conviction. Affirming the dismissal of his petition, the Court said in an opinion filed July 3, 1967:

"In Harrison v. State, supra, it was held that where a defendant had been charged with armed robbery and with being an habitual criminal, it was prejudicial error to allow evidence of the defendant's previous convictions to be placed before the jury prior to their determination of his guilt or innocence of the specific felony charge on which he was being tried. The opinion was expressly limited in application to future cases and cases then (September 14, 1965) in the appellate process.

"Court appointed counsel with commendable candor points out in his brief that while at the time of the filing of the petition there was some doubt whether

Harrison v. State could constitutionally be denied retroactive application, now the federal and state law is settled that it can be; that in the case of State ex rel. Edward Donald Goss v. Henry Heer, Warden [220 Tenn. 36], 413 S.W.2d 688, Chief Justice Burnett, on authority, settled this question contrary to the petitioner's contention. So the assignment is overruled."

As our Supreme Court held in the petitioner's earlier habeas corpus case, his original conviction and sentence are not vulnerable upon the ground that the trial procedure followed in his case did not conform to the rule enunciated in *Harrison,* supra. For both in *Harrison* and in its opinion in the petitioner's former habeas corpus case, the Court held that the trial procedure rule enunciated in *Harrison* has no retroactive application.

The petitioner now attacks the validity of his conviction as an habitual criminal on the sole basis that in his original trial the court did not pronounce judgment upon the jury's verdict finding him guilty of grand larceny, his insistence being that a judgment by the trial court upon that verdict was a positive prerequisite to the habitual criminal judgment. The long and the short of his position, stated in his petition and urged upon us here, is that there can be no valid judgment upon the verdict of a jury finding the defendant is an habitual criminal unless the trial court has also, prior to the jury's consideration of the habitual criminal charge, pronounced judgment upon the jury's verdict finding the defendant guilty of the specified present felony also charged in the indictment.

Obviously, this insistent contention is untenable. It

represents a misconception. T.C.A. §§ 40-2802 and 40-2806 prescribe the mandatory punishment to be visited upon one convicted as an habitual criminal:

"T.C.A. § 40-2802. Punishment.—When an habitual criminal, as defined in this chapter, is charged, by presentment or indictment, with the commission of any of the felonies specified in §§ 39-604, 39-605, 39-609, 39-610, 39-3708, 40-2712, or any crime for which the maximum punishment is death, and is also duly charged therein with being an habitual criminal, as defined in § 40-2801, *he shall upon conviction, be sentenced and punished as an habitual criminal,* as in this chapter provided, except in those cases where the death penalty is imposed." (Emphasis supplied.)

"T.C.A. § 40-2806. Penalty—ineligible for parole.—When an habitual criminal, as defined in § 40-2801, shall commit any of the felonies therein specified or referred to, he shall, upon conviction, under presentment or indictment in form as herein provided (except where the death penalty is imposed), be sentenced as an habitual criminal, and his punishment shall be fixed at life in the penitentiary, and such offender shall not be eligible to parole, nor shall said sentence be reduced for good behavior, for other cause, or by any means, nor shall the same be suspended."

In *Harrison,* supra, holding that our habitual criminal statutes (T.C.A. § 40-2801, et seq.) do not create an independent crime, but, instead, define a status prescribing circumstances under which the penalty for violation of one of the prescribed felonies charged in the same indictment is increased to life imprisonment, the Court said this:

"Habitual criminal statutes do not create an independent crime but define a status prescribing circumstances under which there is an enhanced penalty for the present crime. To be more specific it is first necessary that the jury determine guilt of present crime (count one in the case at bar) before determining guilt or innocence of the habitual criminal count (count two in the case at bar) which finding, if guilty, *enhances the punishment of the present crime.* If the jury finds not guilty of the present crime then the habitual criminal count is not at issue." (Emphasis supplied.)

Thus, it can no longer be open to question or debatable that it is wholly unnecessary for the trial court to pronounce separate judgments upon the verdict of the jury finding the defendant guilty of the specified crime presently charged, and also upon the verdict finding him guilty as an habitual criminal. It would be an idle thing to hold that the trial court must pronounce judgment upon the verdict of the jury finding the defendant guilty of the present crime, when the punishment for that offense (except in cases punishable by death) is by statute automatically and mandatorily increased to life imprisonment upon the defendant's conviction as an habitual criminal. The law does not concern itself with trifles. As a matter of law, as an habitual criminal the defendant is subject to that punishment and no other.

The identical question presented here was before this Court in State of Tennessee ex rel. Edward Donald Goss v. C. Murray Henderson. The jury verdict in that case was: "* * * [T]hey find the defendant guilty of Burglary in the 3rd degree and fix his punishment at 5 years in

State Penitentiary, and they find him guilty also as an Habitual Criminal as charged in the indictment."

After overruling the motion for a new trial, the trial court entered judgment as follows:

"It is, therefore, the judgment of the Court that the defendant for the offense of which he stands convicted shall be imprisoned in State Penitentiary for the remainder of his natural life as an Habitual Criminal * * *"

As Canupp insists in the instant case, Goss contended that since the judgment rendered against him did not reflect that the court sentenced him to five years for burglary in the third degree, the trial judge was without authority to sentence him to life imprisonment as an habitual criminal. In an opinion written by Presiding Judge Walker, filed April 3, 1969, the Court held that the trial court committed no error in pronouncing the single judgment of life imprisonment as an habitual criminal.

The judgment of the trial court in dismissing the petition is affirmed.

WALKER, P. J., and DWYER, J., concur.