**Kenneth Brooks SIMMONS, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Dec. 8, 1972.

Certiorari Denied March 5, 1973.

Robert T. McGowan, Nashville, for appellant.

David M. Pack, Atty. Gen., William C. Koch, Jr., Asst. Atty. Gen., Nashville, Arnold Peebles, Jr., and Martha Craig Daughtrey, Asst. Dist. Attys. Gen., Nashville, for appellee.

OPINION

O'BRIEN, Judge.

Defendant was convicted by a jury of burglary and grand larceny with a verdict of ten years in the State Penitentiary on each charge. He was also convicted as an habitual criminal with a jury verdict of life in the Penitentiary. The trial court sentenced defendant to not less than three nor more than ten years in the State Penitentiary for the offense of burglary, third degree; and to confinement and hard labor in the State Penitentiary for a term of life without parole in accordance with T. C.A. Sec. 40–2806 for the offense of being an habitual criminal.

On appeal to this court, defendant contends in the first two assignments that the trial court erred in allowing the admission of testimony regarding an allegedly unlawful search of his rented room, and seizure of evidence as the result of said search.

The record indicates that Kay Jewelry Store in Nashville, Tennessee, was burglarized. Defendant was arrested for the burglary in Atlanta, Georgia, on a warrant issued from Nashville, Tennessee. He had rented a furnished room in Atlanta, and when he failed to return, or pay his rent, his landlady, without prior knowledge of his arrest, had his personal belongings

removed from the room by her son with the intent of making the room available for rent to a new tenant. In the course of removing defendant's personal belongings from the room for storage, the landlady's son opened a footlocker in a search for identification. The locker contained many articles of jewelry. After consultation with his mother, the police were called. A police officer came to the house, examined the locker and its contents, and removed it to the Police Station. This officer did not know at the time that defendant was in the custody of the Atlanta police. Subsequently it was determined that the jewelry in the footlocker was part of the loot stolen in the Kay Jewelry Store robbery.

Objection was made at trial to the admission of the testimony of the landlady, her son, and the Atlanta police officer, concerning the discovery of the jewelry in the footlocker on the premise that the seizure of the evidence was the result of an illegal search, without a warrant, and without defendant's permission. In an out-of-jury hearing, the trial court ruled the evidence was admissible.

We hold that the admission of this evidence was proper. The prohibition of the Federal and State Constitutions is against unreasonable searches and seizures by a Federal or State Agency. Harris v. State, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; Hughes v. State, 145 Tenn. 544, 238 S.W. 588. There was no search in this case, and the legality of the conduct of the witness who originally discovered the jewelry in the footlocker is irrelevant. There was no unlawful act on the part of the police in discovering the fruits of the crime. The defendant in this case was the victim of excellent and proper police work which brought about his arrest and the fortuitous discovery of his ill-gotten gains because of his resultant inability to reappear at his rooming house. It is on such chance that the fortunes of man frequently turn, sometimes to his gain but often, as in this case, to his dismay. The first and second assignments of error are overruled.

The third assignment charges that defendant's sentence as an habitual criminal is invalid because he has committed no felony since having been declared an habitual criminal by the jury.

It is argued on behalf of the defendant that the Habitual Criminal Statute creates an ambiguity which should be resolved in favor of the defendant because of the enhanced punishment upon conviction.

We do not see it so. The evidence in the record is that this defendant had at least thirteen prior convictions for felonies delineated in the statute. He has by reason of his avarice, vice, and recidivistic inclination attained that status to which no man strives but to which those who have proven themselves to be a public menace by demonstrated lack of virtue in their conduct are relegated for removal from the society to which they refuse to adapt. See Rhea v. Edwards, D.C., 136 F.Supp. 671; Harrison v. State, 217 Tenn. 31, 394 S.W.2d 713; Canupp v. State, Tenn.Cr. App., 460 S.W.2d 382.

We note that the trial court entered judgment of three to ten years on the burglary conviction, and also sentenced defendant to life on the habitual criminal conviction. This was improper because upon a finding of habitual criminality the statutes in this State call for an enhancement of the punishment for the new conviction (burglary in this case), and not a separate or additional sentence. See *Canupp*, supra, and Meade v. State, Tenn. Cr.App., 484 S.W.2d 366. That part of the judgment fixing a separate punishment of not less than three nor more than ten years for the offense of burglary, third degree is vacated and set aside.

Judgment of the trial court is affirmed as modified.

GALBREATH and RUSSELL, JJ., concur.