**STATE of Tennessee, Appellee,**

v.

**John Wesley DUFFEL and Randall Lee McAdams, Appellants.**

Court of Criminal Appeals of Tennessee.

Sept. 22, 1981.

Permission to Appeal Denied by Supreme Court Feb. 8, 1982.

William M. Leech, Jr., Atty. Gen., John C. Zimmermann, Asst. Atty. Gen., Harold B. McDonough, Jr., Asst. Dist. Atty. Gen., Nashville, for appellee.

Lucien Dale, Nashville, for McAdams.

Dale Quillen, Nashville, for Duffel.

OPINION

WALKER, Presiding Judge.

John Wesley Duffel, Randall Lee McAdams, and William Black were convicted in the Criminal Court of Davidson County of second degree burglary and grand larceny and in accordance with the verdict each was sentenced to not less than 12 and one-half nor more than 15 years for the burglary and not less than six nor more than ten years' imprisonment for the larceny. The trial judge ordered Duffel's sentences to be served consecutively. In addition, after the second stage of the bifurcated trial, Duffel was found to be an habitual criminal and his punishment was enhanced to life imprisonment. Black waived his appeal in the trial court. McAdams filed notice of appeal on January 13, 1981. To this date he has taken no further action with regard to his appeal. Accordingly, the state's motion to dismiss McAdams' appeal is hereby granted. Duffel now appeals to this court.

In the first issue presented for review, the appellant attacks the sufficiency of the evidence with regard to his convictions for burglary and larceny. The state's proof, which the jury accredited showed that on April 18, 1980, at approximately 8:15 a. m., the appellant, along with Randall McAdams and William Black, drove into the driveway of Mr. and Mrs. Robert Morris' home on Pettus Road in Davidson County. The appellant and McAdams got out of the car and ran behind the Morris home and Black drove away in the car. Kenneth Turner, one of the Morris' neighbors, saw the suspicious activity and he called the Metropolitan Police Department. Before the police arrived, however, Black returned, backed the car into the driveway, and remained in it. Soon thereafter a police officer arrived. The police officer ordered Black out of the car and handcuffed him to a truck which was also parked in the driveway. At this time the appellant and McAdams ran out of the garage and attempted to escape. Turner, who had armed himself, and the officer both fired several shots at the appellant and McAdams and both were captured at the scene. A .32 caliber revolver and an Eisenhower one-dollar coin were found in appellant's possession. Two Eisenhower one-dollar coins, a hunting knife with a brown handle, two ladies watches and several .38 caliber shells were found on McAdams. Later, a .38 caliber revolver was found in the grass near the area in which McAdams was finally captured. Two license plates, one covering the other, were found on the car in which the three men arrived and a .22 caliber revolver was found inside the car.

An examination of the Morris' home revealed that the garage-basement door had been pried open and that the interior of the house had been ransacked. Several guns and fishing rods had been moved from their usual storage place and were found near the stairway leading from the main portion of the house down to the basement and garage. In the basement-garage was found a wheelbarrow full of personal property and a television set, all of which had been moved from the living quarters of the house. Two or three Eisenhower one-dollar coins were also discovered missing. In addition, the knife and watches found on McAdams were identified as property belonging to the Morris family.

McAdams testified that he, appellant, and Black were driving around looking for construction work when they saw a 1963 Mercury in the Morris' back yard. He further testified that he and the appellant went into the back yard to inspect the car in order to determine whether the car would be worth purchasing. McAdams also testified that while the appellant was inspecting

the car he, unknown to the appellant, burglarized the Morris home. The appellant likewise testified that he was not aware that McAdams had broken into the house. He further attempted to explain his presence inside the garage by claiming that he was calling for McAdams to come out of the house. In rebuttal, the officer who originally arrived on the scene testified that he heard no shouting.

■ Viewing the evidence in a light most favorable to the state, we find sufficient evidence to justify a rational trier of fact in finding appellant guilty beyond a reasonable doubt. Rule 13(e), T.R.A.P.; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ The appellant next contends that the trial judge erred in allowing into evidence the proof with regard to the Eisenhower one-dollar coins. The appellant apparently contends that the proof was inadmissible absent a positive showing that the coins were stolen in the burglary. This issue is obviously without merit. Furthermore, we note that appellant did not enter an objection to the evidence nor did he cite any authorities on this issue on appeal.

■ Next, the appellant claims that his sentence for burglary is in excess of the sentence authorized by law. Clearly, this issue is without merit. TCA 39–903 authorizes a punishment of not less than ten nor more than 15 years' imprisonment when the defendant commits a burglary while in possession of a firearm. TCA 40–2707 authorizes an increase in the minimum range of imprisonment to 12 and one-half years.

■ The appellant's contention that the assistant district attorney general made prejudicial remarks during voir dire has been waived by appellant's failure to enter objections to the remarks. *State v. Durham*, 614 S.W.2d 815 (Tenn.Cr.App.1981). Nevertheless, we have examined the remarks and we find that no error was committed.

Next, the appellant attacks the sufficiency of the evidence with regard to the finding that he is an habitual criminal. The state's proof established that the appellant had been convicted of the following offenses in this state:

(1) Carrying burglary tools

(2) Burglary in third degree

(3) Attempt to commit a felony

(4) Passing forged papers less than $100 in value

In addition, the state's proof showed that the appellant was convicted twice in federal court of violation of Title 18, U.S.C., sec. 2115. This provision provides that:

"Whoever forcibly breaks into *or attempts to break into* any post office, or any building used in whole or in part as a post office, with intent to commit in such post office, or building or part thereof, so used, any larceny or other depredation, shall be fined not more than $1000 or imprisoned not more than five years, or both. (emphasis added)

■ The appellant does not attack the number of his prior convictions, but merely claims that the state failed to show that he has twice been convicted of crimes specified in TCA 40–2801 or of crimes which, if committed in this state, would have been among those specified in TCA 40–2801. Only appellant's prior conviction in this state for third degree burglary is enumerated in TCA 40–2801. Therefore, as the state concedes on appeal, unless at least one of appellant's convictions in federal court was for an act which, if committed in Tennessee, would have been a violation of an offense set out in TCA 40–2801, there is insufficient evidence to support the finding of habitual criminality.

Title 18, U.S.C., sec. 2115, not only prohibits burglary as we define it in this state, but it also prohibits an attempt to commit a felony as we define it in this state. An attempt to commit a felony is not set out in TCA 40–2801 as one of the required two offenses. At trial the state attempted to introduce proof that appellant's actions constituted burglary as defined by the law of this state. Over the appellant's objection, the state sought to introduce a transcript of the appellant's guilty plea proceedings to

establish the factual basis underlying his two federal convictions. The state insists that the proof it sought to introduce would show that the post office burglaries would constitute third degree burglaries in Tennessee and, hence, specified offenses under our habitual criminal statute. Under *Evans v. State*, 571 S.W.2d 283 (Tenn.1978), the state was entitled to show this, and the trial judge improperly sustained the appellant's objection to the testimony.

On appeal the state virtually concedes that the proof that the appellant is an habitual criminal is insufficient, and it asks a retrial on the issue of habitual criminality in order to present proof that appellant's convictions for 18 U.S.C., sec. 2115, were for acts which would constitute burglary in this state.

Since the evidence was insufficient, we must consider whether a retrial may be permitted under the principles laid down in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and followed in *Reed v. State*, 581 S.W.2d 145 (Tenn.Cr. App.1979).

*Burks* does not prohibit a retrial of a case where, as here, the trial judge improperly excluded prosecution evidence that would show sufficiency. In footnote 4, *Burks* says: "There is no claim in this case that the trial court committed error by excluding prosecution evidence which, if received, would have rebutted any claim of evidentiary insufficiency." In the case before us, the trial judge improperly excluded the crucial evidence, and this case may be distinguished from *Burks* and *Reed*.

Accordingly, Duffel's convictions for burglary in the second degree and grand larceny are affirmed. His sentence as an habitual criminal is set aside, and the case is remanded for a new trial on the habitual criminal count of his indictment, consistent with this opinion. *Evans v. State*, supra.

McAdams' appeal is dismissed.

TATUM, J., and JAMES L. WEATHERFORD, Special Judge, concur.

## OPINION ON PETITION FOR REHEARING

Appellant Duffel has filed a petition for a rehearing in which he contends that we overlooked material propositions of law in holding that the minimum sentence of 12 and one-half years for burglary while in possession of a firearm was authorized by law. We have carefully considered the petition, including *State v. Thomas*, 619 S.W.2d 513 (Tenn.1981), cited by petitioner.

After full consideration of the petition, we are of the opinion that our original opinion correctly held that TCA 40–2704 authorizes an increase in the minimum sentence to 12 and one-half years. We adhere to our former opinion.