**STATE of Tennessee, Appellee,**

v.

**John Wesley DUFFEL, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Sept. 13, 1983.

Permission to Appeal Denied by Supreme Court Feb. 6, 1984.

William M. Leech, Jr., Atty. Gen., David M. Himmelreich, Asst. Atty. Gen., Jack Seaman, Asst. Dist. Atty. Gen., Nashville, for appellee.

William C. Wilson, David E. High, Nashville, for appellant.

## OPINION

O'BRIEN, Judge.

This is an appeal from a judgment of conviction rendered against John W. Duffel on June 15, 1982, in the Davidson County Criminal Court. The judgment approved a jury verdict finding the defendant to be an habitual criminal and fixing his punishment at imprisonment in the penitentiary for life pursuant to T.C.A. §§ 39–1–801, 39–1–802. The defendant was initially found guilty of the offenses of second degree burglary, larceny, and being an habitual criminal on

October 2, 1980. Punishment for the burglary, committed by the use of a firearm, was fixed at not less than twelve and one-half years (12½) years nor more than fifteen (15) years. Punishment for the grand larceny was fixed at not less than six (6) years nor more than ten (10) years. Punishment on the habitual criminal charge was fixed at life imprisonment.

On September 22, 1981, this Court affirmed the burglary and grand larceny convictions, but remanded for a new trial on the habitual criminal count. *State v. Duffel,* 631 S.W.2d 445, (Tenn.Cr.App.1981).

In this appeal, the defendant contends that his prosecution and conviction for being an habitual criminal was barred by the double jeopardy provisions of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Constitution of Tennessee. In support of this claim, the defendant relies upon *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and *Reed v. State,* 581 S.W.2d 145, (Tenn.Cr.App.1978) to assert that the double jeopardy clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. We note, however, that this Court dealt with this issue in defendant's first appeal, *State v. Duffel,* supra. We there held that a second trial would not constitute double jeopardy in this case, saying:

"*Burks* does not prohibit a retrial of a case where . . . the trial judge improperly excluded prosecution evidence that would show sufficiency. . . . In the case before us, the trial judge improperly excluded the crucial evidence, and this case may be distinguished from *Burks* and *Reed.*"

Inasmuch as this former opinion became the law of the case, the trial judge did not err in allowing this case to be retried. *Life and Casualty Insurance Company v. Jett,* 133 S.W.2d 997 (Tenn.1939).

The defendant next insists the trial judge erred in imposing a sentence for both the triggering offense and the habitu-

al criminal charge. Habitual criminal statutes do not create an independent crime but define a status prescribing circumstances under which there is an enhanced penalty for the triggering offense. *Harrison v. State*, 217 Tenn. 31, 394 S.W.2d 713 (1965). Therefore, "[W]hen a trial judge imposes both a sentence on a triggering offense and on the habitual criminal charge, the sentence on the triggering offense is null and void." *State v. Archie*, 639 S.W.2d 674, (Tenn.Cr.App.1982). The triggering offense in this case was the armed burglary, and life imprisonment is the enhanced punishment for that offense under the habitual criminal statutes. The original sentence imposed for armed burglary has been displaced by the enhanced sentence under the recidivist statutes.

■ The defendant next contends he was denied due process under the United States and Tennessee Constitutions when, upon remand from the initial appeal, the habitual criminal charge was tried before a jury which had not convicted him of the triggering offense. His argument is that since this "new" jury did not get to hear any mitigating circumstances surrounding the triggering offense, it could not properly determine whether or not the defendant's punishment *should* have been enhanced. This Court in *Moultrie v. State*, 584 S.W.2d 217, (Tenn.Cr.App.1978), however, stated:

> "The habitual criminal statutes are explicit. The only function of the jury in such cases is to hear proof on prior convictions of a defendant, upon charges constituting felonies under the statute, and to determine if the defendant's record of recidivism warrants enhanced punishment as prescribed. The statutes themselves fix the enhanced punishment at life in the penitentiary. The jury does not have latitude to consider the matter in any other light. There is no opportunity to assert prejudices or entertain any predilections to avoid the law."

Therefore, since the existence of any mitigating circumstances is irrelevant to whether or not the defendant was an habitual criminal under the law, the defendant was not prejudiced by having the habitual criminal charge tried to a new jury. We hold that the procedure used below did not prevent the jury from performing its proper function and was not violative of due process.

■ The defendant complains the State failed to comply with T.C.A. § 39-1-803 which requires the State, upon motion by the defendant, to provide him with "a written statement of the felonies, prior convictions of which form the basis of the charge of habitual criminality, setting forth the nature of such felony and the time and place of each such prior conviction." The record reveals, however, that the amended indictment filed by the State provided the defendant with notice of those convictions to be used at trial to support the habitual criminality charge. It is evident that the intent of T.C.A. § 39-1-803 has been fulfilled. *Anderson v. State*, 2 Tenn.Cr.App. 593, 455 S.W.2d 630, 633 (1970).

■ Since the defendant was convicted of armed burglary, a violent crime, and will be eligible for parole pursuant to T.C.A. § 40-28-116(b)(1), this case does not present any cruel and unusual punishment issue. See *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 57 L.Ed.2d 382 (1980) and *Solem v. Helm*, —— U.S. ——, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

The judgment of the trial court is affirmed.

DWYER and BYERS, JJ., concur.