**John Wesley DUFFEL, Petitioner,**

v.

**Michael DUTTON, etc., et al., Respondents.**

**Civ. A. No. 3:84–0940.**

United States District Court, M.D. Tennessee, Nashville Division.

Sept. 10, 1984.

Supplemental Opinion and Orders Sept. 17, 1984.

Additional Memorandum Opinion Order and Certificate of Probable Cause Oct. 17, 1984.

David E. High and William C. Wilson, Nashville, Tenn., for petitioner.

Kevin Steiling, Asst. Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDERS

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The petitioner Mr. John Wesley Duffel applied through counsel to this Court for the federal writ of habeas corpus. He claims he is in the custody of the respondent-warden pursuant to the judgment of June 15, 1982 of the Chancery * Court of Davidson County, Tennessee in violation of the Constitution, Fifth Amendment, Double Jeopardy Clause; Fifth and Fourteenth Amendments, Due Process Clauses; and Eighth Amendment, Cruel and Unusual Punishment Clause. 28 U.S.C. § 2254(a).

The applicant claims he exhausted his state remedies, 28 U.S.C. § 2254(b), by appealing such judgment of his conviction to the Court of Criminal Appeals of Tennessee, which affirmed it on September 12, 1983, with permission for further appeal denied February 6, 1984 by the Supreme Court of Tennessee. He claims he present-

---

* By interchange, Part III of such Court is alleged to have tried the applicant for the Criminal Court of Davidson County, Tennessee, division 1.

ed fairly to those Courts the same questions he presents here, *id.*

According to the applicant: he was tried initially and convicted on October 2, 1980 of the crimes of grand larceny and burglary in the second degree while in possession of a firearm, and that, upon a further finding that he was an habitual-criminal, his punishment therefor was enhanced to life-imprisonment; that, on his first appeal, his judgment of conviction as an habitual-criminal was reversed by the aforenamed intermediate criminal appellate Court and his prosecution on the charge of being an habitual-criminal remanded to the trial Court for retrial; and that his current conviction resulted from such retrial. He claims such reversal was on the ground of the insufficiency of the evidence to support the finding that he was (then) an habitual criminal.

 If the applicant has indeed exhausted his state remedies and if the reversal of his judgment of conviction as an habitual-criminal was indeed reversed on the ground that the evidence introduced at his initial trial on the issue of his alleged habitual-criminality was insufficient, as a matter of law, to sustain the jury's verdict thereon, then the applicant is entitled to relief from his conviction as an habitual-criminal and the enhancement of his sentence to life-imprisonment:

With regard to principles of double-jeopardy, " * * * in limited circumstances a second trial on the same offense is constitutionally permissible.[15] * * *

"15. A new trial is permitted, e.g., where the defendant successfully appeals his conviction. *United States v. Ball,* 163 U.S. 662 [16 S.Ct. 1192, 41 L.Ed. 300] (1896) * * *."

*Sanabria v. United States,* 437 U.S. 54, 63 and n. 15, 98 S.Ct. 2170, 2178 and n. 15 [1], 57 L.Ed.2d 43 (1978). " * * * There is, however, one exception to this rule: the Double Jeopardy Clause prohibits retrial after a conviction has been reversed because of the insufficiency of the evidence. * * *—Where the Clause does apply, 'its sweep is absolute.' * * * " *United States v. DiFrancesco,* 449 U.S. 117, 131, 101 S.Ct. 426, 434, 66 L.Ed.2d 328 (1980), citing: *Burks v. United States,* 437 U.S. 1, 98

S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 24, 98 S.Ct. 2151, 2154[1], 57 L.Ed.2d 15 (1978) ("State may not retry defendant after conviction has been reversed by appellate court on ground that evidence introduced at prior trial was insufficient, as matter of law, to sustain jury's verdict.")

It appearing from examination of the face of the applicant's petition on preliminary consideration that he may be entitled to the relief sought on such issue, it hereby is

ORDERED that the respondent-warden file an answer thereto or other pleading within three days herefrom, Rule 4, 28 U.S.C. fol. § 2254, and that the record herein be expanded by his filing herein of a copy of the opinion of September 22, 1981 of the Court of Criminal Appeals of Tennessee in *State of Tennessee v. John Wesley Duffel* and any other pertinent materials relevant to the determination of the applicant's petition, Rules 7(a), (b), 28 U.S.C. fol. § 2254. 28 U.S.C. § 2243; Rule 81(a)(2), F.R.Civ.P. As this Court and the office of the attorney-general and reporter of Tennessee are located within the same municipality, the Court finds a lack of good cause to grant additional time therefor in the light of the applicant's aforementioned statements under the penalty of perjury.

The clerk will serve forthwith by certified mail on the respondent-warden and the attorney-general and reporter of Tennessee copies of the petition herein and of this order (after having notified the latter's office by telephone of the requirements hereof). Rule 4, *supra.*

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDERS

With his answer of September 13, 1984 herein, the respondent-warden enlarged the record *inter alia* by supplying a copy of the opinion of September 13, 1983 herein in *State of Tennessee,* appellee, *v. John Wesley Duffel,* appellant, no. 82–195–III in the Court of Criminal Appeals of Tennessee, *permis. app.* denied February 6, 1984 by

the Supreme Court of Tennessee in *State of Tennessee,* plaintiff-appellee, *v. John Wesley Duffel,* defendant-appellant, Davidson Criminal. Therein, such intermediate criminal-appellate Court of Tennessee accepted as the law of the case its earlier opinion of September 22, 1981 in no. 80–228 III including its finding and conclusion that:

> *Burks [v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) ] does not prohibit a retrial of a case where, as here, the trial judge improperly excluded prosecution evidence that would show sufficiency [of the evidence to support the verdict of the jury]. In footnote 4, *Burks* says: "There is no claim in this case that the trial court committed error by excluding prosecution evidence which, if received, would have rebutted any claim of evidentiary insufficiency." In the case before us, the trial judge improperly excluded the crucial evidence, and this case may be distinguished from *Burks* * * *.

631 S.W.2d 445, 448 (Tenn.Cr.App.1981); *accord Linam v. Griffin,* 685 F.2d 369, 374[2] (10th Cir.1982), *cert. den.* 459 U.S. 1211, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1982). Thus, the applicant is not entitled to relief on this ground.

■ Neither is there merit to the applicant's claim, that the application of the habitual-criminal statute of Tennessee violated his right against cruel and unusual punishment, Constitution, Eighth Amendment. The recidivist statute of Tennessee and other states has been sustained on several occasions by the Supreme Court of the United States against the contention it is violative of the constitutional stricture against cruel and unusual punishment. *Spencer v. State of Texas,* 385 U.S. 554, 559–560, 87 S.Ct. 648, 651, 17 L.Ed.2d 606 (1967), cited in *Rummel v. Estelle,* 445 U.S. 263, 268, 100 S.Ct. 1133, 1136, 63 L.Ed.2d 382 (1980). Thus, the applicant is entitled to no relief on this ground.

The remaining claims of the applicant are that he is in custody in violation of the Constitution, Fifth and Fourteenth Amendments, Due Process Clauses, because (1) his sentence was enhanced improperly under T.C.A. § 39–1–806 after its earlier enhancement for carrying a firearm under T.C.A. § 39–3–403(a)(3), and (2) he was retried by a new jury after remand only on the habitual-criminal charge. Within 23 days herefrom, the respondent-warden will file a supplemental answer, Rule 4, 28 U.S.C. fol. § 2254, as to such remaining claims.

■ The noticed slow movement of the mail provides good cause for the allowance of such additional time. 28 U.S.C. § 2243; Rule 81(a)(2), F.R.Civ.P.

## ADDITIONAL MEMORANDUM OPINION, ORDER AND CERTIFICATE OF PROBABLE CAUSE

In his memorandum herein of September 20, 1984, the petitioner urges but a single constitutional argument in support of the 4 grounds presented in his petition: that his retrial on an habitual-criminal charge was prohibited by the Constitution, Fifth Amendment, Double Jeopardy Clause. He recognizes that *Burks v. United States,* 437 U.S. 1, 4, n. 4, 98 S.Ct. 2141, 2144, n. 4, 57 L.Ed.2d 1 (1978), did not involve a situation wherein the trial judge excluded erroneously prosecution-evidence which, if received, would have rebutted any claim of evidentiary insufficiency, but argues that here " * * * there was no error in the exclusion of prosecution evidence * * *."

■ The Court of Criminal Appeals of Tennessee ruled that under the law of Tennessee the trial judge excluded erroneously evidence which was crucial to the state's case against the petitioner on the habitual-criminal charge. *State v. Duffel,* 631 S.W.2d 445, 448 (Tenn.Cr.App.1981), *app. den.* by Sup.Ct. of Tenn. (1982). That interpretation of state law is binding on this Court, despite the urging of the petitioner that it was erroneous. *Hutchison v. Marshall,* 744 F.2d 44, 46 (6th Cir.1984). Thus, the petitioner's retrial was not barred under *Burks, supra,* because the insufficiency of the evidence which prompted the re-

versal resulted from the error of the trial judge (at the urging of the petitioner) and not because the prosecution failed to muster sufficient evidence to sustain the conviction. *Linam v. Griffin,* 685 F.2d 369, 374[2] (10th Cir.1982), *cert. den.* 459 U.S. 1211, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1982).

It appearing, upon a review of the state-court proceedings herein and of the expanded record, that an evidentiary hearing is not required herein, and it appearing further that the petitioner is not entitled to relief herein, his petition hereby is

DISMISSED. Rule 8(a), 28 U.S.C. fol. § 2254. Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein by the clerk, Rule 58(1), F.R.Civ.P., any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), F.R. App.P. As neither the Supreme Court nor the Court of Appeals for this Circuit considered whether the holding of *Burks, supra,* should be extended to a situation like this, such certificate shall ISSUE. *Id.; Barefoot v. Estelle,* 463 U.S. 880, 893–94, 103 S.Ct. 3383, 3394[11, 12], 77 L.Ed.2d 1090 (1983), *reh. den.* 464 U.S. 874, 104 S.Ct. 209, 78 L.Ed.2d 185 (1983).