# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JUNE 1999 SESSION

FILED

November 3, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 03C01-9810-CR-00365 |
| Appellee, | * | HAMILTON COUNTY |
| VS. | * | Honorable Stephen M. Bevil, Judge |
| **TOMMY LEE BALDWIN,** | * | (Aggravated Sexual Battery) |
| Appellant. | * | |

FOR THE APPELLANT:

ARDENA J. GARTH
District Public Defender

DONNA ROBINSON MILLER
and
MICHAEL L. ACUFF
Assistant District Public Defender
Nashville, TN 37243
701 Cherry Street, Suite 300
Chattanooga, TN 37402

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

MARVIN S. BLAIR, JR.
Assistant Attorney General
425 Fifth Avenue North

WILLIAM H. COX III
District Attorney General

CLAIRE HAYES BRANT
Assistant District Attorney
600 Market Street, Suite 310
Chattanooga, TN 37402

OPINION FILED: _____

**AFFIRMED**; REMANDED FOR CORRECTION
OF JUDGMENT

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The defendant, Tommy Lee Baldwin, appeals from his conviction of aggravated sexual battery, a Class B felony. The Hamilton County Criminal Court sentenced him to fifteen years as a Range II offender. The defendant asserts that the trial court (1) erroneously denied jury instructions regarding lesser included offenses of attempted aggravated sexual battery and assault and (2) improperly applied prior out-of-state convictions to classify him as a Range II offender. We AFFIRM the trial court's judgment.

## BACKGROUND

The victim's mother, Diana Stephens, testified that her daughter was eleven at the time of the offense and that the defendant was living with the Stephens family. Stephens said that she arrived home at approximately 7:00 p.m. on October 17, 1996, and slept on the couch. She awoke, noticed the house was quiet, and checked on her children. In her children's room, she saw her son in the top of the bunk bed, reading a book. Her daughter, on the lower bunk, was on her knees and naked from the waist down. The defendant was behind her, with his pants lowered and his private parts touching the daughter's private parts. Stephens ran toward the defendant and struck him. The defendant pushed Stephens to the ground and fled the house. Stephens then contacted the police.

The victim testified that she was eleven on the date in question. She said that she was in the room with her brother and the defendant. The defendant was reading a book with her brother. The defendant told her to prop on her knees and to remove her panties. Otherwise, the defendant stated that he would do something to her mom. The defendant briefly left the room, then returned and

continued reading with the victim's brother.  The victim testified that the defendant lowered his pants and pressed his private parts against the rear of the victim.  She testified that she pushed back, trying to push him from her.  Her mother entered the room, and the defendant fled.

Detective Atkinson of the Chattanooga Police Department testified that the defendant came to the police station and, after being advised of and waiving his rights, gave a statement.[1]  The defendant stated that while he was reading to the victim's brother he felt the victim's hands touching his privates.  He also stated that at some point his pants were down and his private parts touched the victim's private parts.  He stated that he was leaning over toward her and requesting her to stop when Stephens entered the room.  He then pushed Stephens and fled.  Detective Atkinson also testified that the "rape kit," administered to the victim in order to gather sperm and other physical evidence, yielded no results.

The defendant presented testimony from Delynndeao Baldwin, his nephew.  Delynndeao stated that the defendant was intoxicated when he dropped him near the police station immediately preceding the defendant's statement.  Detective Atkinson testified, however, that the defendant exhibited no slurred speech, difficulty walking, odor of alcoholic beverage, or any other indication of intoxication.

**ANALYSIS**

*Jury Instructions*

---

[1] At a pre-trial suppression hearing the defendant attempted to suppress this statement. The defendant argued that he had smoked crack cocaine, marijuana, and ingested a large amount of liquor and other alcohol-containing beverages. Therefore, he argued, he did not knowingly and intelligently waive his rights. He stated that he went to the police department because "police were at his house," and he thought the reason for their presence involved his striking Stephens. The trial court denied the motion to suppress.

The defendant asserts that the trial court erroneously denied his request for jury instructions on the lesser included offenses of attempted aggravated sexual battery and assault. The defendant omitted this issue from his motion for new trial. Therefore, the issue is waived. See Tenn. R. App. P. 3(e); State v. Walker, 910 S.W.2d 381, 386 (Tenn. 1995); State v. Keel, 882 S.W.2d 410, 416 (Tenn. Crim. App. 1994); State v. Jones, 733 S.W.2d 517, 524 (Tenn. Crim. App. 1987).

Nevertheless, the trial court did not err in this matter, because the evidence is consistent with a finding of aggravated sexual battery. Aggravated sexual battery "is unlawful sexual contact with a victim by the defendant or the defendant by the victim accompanied by any of the following circumstances: . . . (4) The victim is less than thirteen (13) years of age." Tenn. Code Ann. § 39-13-504(a)(4). This offense is a Class B felony. See Tenn. Code Ann. § 39-13-504(b). Attempt to commit aggravated sexual battery is a Class C felony. See Tenn. Code Ann. § 39-12-107(a). Assault may be achieved by "[i]ntentionally or knowingly caus[ing] physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative." Tenn. Code Ann. § 39-13-101(a)(3). This offense is a Class A misdemeanor. See Tenn. Code Ann. § 39-13-101(b).

Generally, "[i]t is the duty of all judges charging juries in cases of criminal prosecutions for any felony wherein two (2) or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so." Tenn. Code Ann. § 40-18-110(a). However, "[e]rror can not be predicated on a trial court's failure to charge a lesser included offense when the evidence clearly demonstrates that the defendant is guilty of a greater

offense." State v. Blanton, 926 S.W.2d 953, 960 (Tenn. Crim. App. 1996); see also State v. Stephenson, 878 S.W.2d 530, 550 (Tenn. 1994).

In the case of this defendant's conviction for aggravated sexual battery, the state must show that (1) the victim is under thirteen years of age, therefore satisfying the statutory aggravation request, and (2) the defendant had unlawful sexual contact with the victim. See Tenn. Code Ann. § 39-13-504. "Sexual contact" is the intentional touching of the victim's "intimate parts," which specifically include the "primary genital area, groin, inner thigh, buttock or breast of the human being," if the intentional touching may be reasonably construed as for the purpose of sexual arousal or gratification. See Tenn. Code Ann. § 39-13-501(b)(2).

In the instant case, the record clearly establishes aggravation, because the victim was less than thirteen years of age at the time of the contact. Further, the testimony of the victim and Stephens supports a conclusion by a reasonable trier of fact that the defendant touched the victim's intimate area with his private parts under circumstances indicating sexual gratification. We note that the statement given by the defendant, in which he denied culpable behavior, nevertheless established that contact between his and the victim's intimate parts occurred. Ample and sufficient evidence existed for the jury's finding the defendant guilty as charged, beyond a reasonable doubt. Therefore, we find that the trial court did not err by failing to instruct the jury on the lesser included offenses. See Blanton, 926 S.W.2d at 960.

*Sentencing*

The defendant next argues that the trial court erroneously applied out-of-state felony offenses to sentence him as a Range II offender. Range II classification requires at least two, but not more than four, prior felony

convictions that are either within the same conviction class, a higher felony class, or the next two lower felony classes as the instant offense. See Tenn. Code Ann. § 40-35-106(a)(1). The trial court may consider prior felony convictions, including out of state convictions and convictions before November 1, 1989. See Tenn. Code Ann. § 40-35-106(b)(2). The applicable statute qualifies use of out-of-state convictions:

> Prior convictions include convictions under the laws of any other state, government, or country, which, if committed in this state, would have constituted an offense cognizable by the laws of this state. In the event that a felony from a jurisdiction other than Tennessee is not a named felony in this state, the elements of the offense shall be used by the Tennessee court to determine what classification the offense is given.

Tenn. Code Ann. § 40-35-106(b)(5). The elements of the out-of-state convictions, as set forth in the governing jurisdiction's statute, determine the classification for the prior felony offense, see State v. Duffel, 631 S.W.2d 445 (Tenn. Crim. App. 1981), appealed after remand, 665 S.W.2d 402 (1983), and the law at the time of the offense controls this determination, see State v. Brooks, 968 S.W.2d 312, 313 (Tenn. Crim. App. 1997).

The defendant has three Alabama convictions for burglary in the third degree from 1980 and 1984. He also has one Alabama conviction for assault in the second degree, a felony, in 1983. The defendant asserts that these convictions equate to no higher than Class E felonies under Tenn. Code Ann. § 40-35-119: "[A]ny prior felony offense committed between July 1, 1982 and November 1, 1989, which has not been classified pursuant to § 40-35-118 or otherwise, is a Class E felony." This Code section, however, refers to a prior Code § 40-35-118, addressing Tennessee convictions.

To properly classify these out-of-state convictions, we compare the applicable Alabama statutes defining the offenses with corresponding Tennessee statutes. We find the state's analysis persuasive. Regarding the

defendant's Alabama burglary convictions, the particular Alabama statute[2] states:

> A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with the intent to commit a crime therein.

Ala. § 13A-7-7 (1977). "Building" refers to a non-dwelling building. Id., historical notes. Tennessee's comparable statute for the particular time periods read:

> Burglary in the third degree is the breaking and entering into a business house, outhouse, or any other house of another, other than a dwelling house, with the intent to commit a felony.

Tenn. Code Ann. §§ 39-904 (1955); 39-3-404 (1982).

We note that these two statutes articulate the same elements: (1) Breach or entry; (2) of a non-dwelling house; (3) with the intent to commit a crime. Thus, we conclude that the Alabama offenses are analogous with those defined by Tennessee Code Annotated § 40-35-118. Therefore, the defendant's convictions under this Alabama statute qualify as Class D felonies. Further, as a Class D felony is within two classes of the instant offense, these convictions are sufficient basis for Range II offender classification.

As for defendant's assault conviction, we first examine the pertinent component of the Alabama statute:

> (a) A person commits the crime of assault in the second degree if the person does any of the following:
> (1) with intent to cause serious physical injury to another person, he or she causes serious physical injury to any person.
> (2) with intent to cause physical injury to another person, he or she causes injury to any person by means of a deadly weapon or a dangerous instrument.
> (3) he or she recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument . . . .

Ala. Code § 13A-6-21 (1977). The corresponding statute in Tennessee in 1983 read:

---

[2] This statute is apparently still the pertinent state law.

(b) Any person who:
(1) attempts to cause or causes serious bodily injury to another willfully, knowing, or recklessly under circumstances manifesting extreme indifference to the value of human life; or
(2) attempts to cause willfully or knowingly causes bodily injury to another with a deadly weapon; or
(3) assaults another while displaying a deadly weapon or while the victim knows such person has a deadly weapon in his possession . . . .

Tenn. Code Ann. § 39-2-101 (1982). We conclude that the statutes are congruent and, for the purposes of this comparison, share functionally equivalent *mens rea* requirements. For culpability, the relevant sections of the Tennessee statute require mental states of "willfully," "knowingly," or "recklessly." In comparison, the Alabama statute requires "intent." Generally, Alabama's definition of "culpable" states stem from the Model Penal Code, Ala. Cod § 13-A-2-2, historical notes, and Alabama law interprets "intent" as requiring a more culpable mental state than "reckless." Given that the Model Penal Code lists only "purposefully" and "knowingly" as higher culpable mental states than "reckless," we may reasonably infer that "intent," at a minimum, contemplates "knowingly." Therefore, we conclude that the offenses are comparable for sentencing purposes. Therefore, the trial court did not err in considering this offense, equivalent to a Class C felony in Tennessee at the time in question, for enhancing the defendant's range.

*Enhancement*

Next, the defendant argues that the trial court erred in enhancing his sentence beyond the presumptive minimum. When a defendant challenges a sentencing issue, our duty is to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all the relevant facts and circumstances." State v. Ashby, 823

S.W.2d 166, 169 (Tenn. 1991). Where the record indicates that the trial court gave due consideration and proper weight to the factors and principles set under the sentencing law, this court may not modify the sentence even if we would have preferred a different result. See State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The trial court balanced enhancement factors involving the defendant's previous criminal history of felonious import of stolen goods into Tennessee and a Tennessee shoplifting violation, see Tenn. Code Ann. § 40-35-114(1), and the defendant's use of his position of trust of the victim's family, see Tenn. Code Ann. § 40-35-114(15), against mitigating factors: The defendant's criminal conduct neither "caused nor threatened serious bodily injury," Tenn. Code Ann. §40-35-113(1), and the defendant cooperated to some degree by giving a statement to the investigators, see Tenn. Code Ann. § 40-35-113(13). The trial court determined that the enhancement factors outweighed the mitigating factors and enhanced the sentence within the assigned range beyond the twelve-year presumptive minimum, for a sentence of fifteen years. See Tenn. Code Ann. § 40-35-111(b)(2), -112(b)(2). We conclude that there was no error in this enhancement.

*Release Eligibility*

We observe that the sentence imposed below indicates an incorrect release eligibility. During the defendant's sentencing hearing, the trial judge twice noted that the defendant would be required to serve at least eighty-five percent of his sentence. Nevertheless, the judgment sheet indicates a release eligibility of thirty-five percent. An offender who commits aggravated sexual battery on or after July 1, 1995, "shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained," Tenn. Code Ann. § 40-35-501(I)(1), (2)(H), and sentence reduction credits may

not reduce the incarceration term by more than fifteen percent, <u>see</u> Tenn. Code Ann. § 40-35-501(I)(1).  Because the trial judge was aware of the correct release eligibility, we need not remand for resentencing.  <u>Cf.</u> <u>State v. Delbert Lee Harris</u>, No. 01C01-9705-CC-00177 (Tenn. Crim. App. filed Sept. 30, 1998, at Nashville) (concluding that remand for resentencing was appropriate when trial court erred as to release eligibility because trial court's imposition of sentence was uninformed).  We modify the sentence below to comport with the above cited statute.

**CONCLUSION**

The trial court's judgment of conviction is AFFIRMED.  This cause is remanded to the trial court for entry of a judgment consistent with this opinion.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
DAVID G. HAYES, Judge