IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 7, 2010

## JAMES E. LOFTON v. HENRY STEWARD, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6391      Joseph H. Walker, III, Judge**

**No. W2010-01122-CCA-R3-HC  - Filed January 31, 2011**

The petitioner, James E. Lofton, appeals the Lauderdale County Circuit Court's dismissal of his petition for writ of habeas corpus. Following our review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

James E. Lofton, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Deshea Dulany Faughn, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS and PROCEDURAL HISTORY

On April 19, 1985, the petitioner was convicted by a Shelby County Criminal Court jury of larceny from the person, armed robbery, and assault with intent to commit first degree murder. The jury also found him guilty of being an habitual criminal regarding each offense. State v. James Earl Lofton, 1986 WL 1672, at *1 (Tenn. Crim. App. Feb. 5, 1986), perm. to appeal denied (Tenn. Apr. 28, 1986). The trial court sentenced him to three life sentences for the convictions, with the life sentences for the armed robbery and felonious assault convictions to be served concurrently to each other but consecutively to the life sentence for the larceny from the person conviction. Id. This court affirmed the judgments of the trial court, and our supreme court denied the petitioner's application for permission to appeal. Id.

The petitioner subsequently filed a petition for post-conviction relief, which was denied by the post-conviction court. James Earl Lofton v. State, No. 02C01-9306-CR-00111, 1995 WL 7679, at *1 (Tenn. Crim. App. Jan. 11, 1995), perm. to appeal denied (Tenn. June 12, 1995). Among other claims, the petitioner alleged that his guilty pleas in prior cases, on which the jury had relied for its finding that he was an habitual criminal, were unknowing and involuntary. Id. On direct appeal, this court vacated the petitioner's 1970 conviction for third degree burglary but held that the remaining convictions were sufficient to "sustain the jury's finding of habitual criminality." Id. at *6.

In November 2005, the petitioner challenged the jury's finding that he was an habitual criminal in another petition for post-conviction relief, which was dismissed by the post-conviction court without a hearing. Jimmy Earl Lofton v. State, No. 02C01-9603-CR-00073, 1997 WL 100810, at *1 (Tenn. Crim. App. Mar. 7, 1997), perm. to appeal denied (Tenn. Oct. 6, 1997). This court affirmed the summary dismissal of the petition, concluding, among other things, that the issue had been previously determined and that the petition was barred by the statute of limitations. Id. at *1-2. Our supreme court subsequently denied the petitioner's application for permission to appeal. Id. at *1.

On July 29, 2005, the petitioner filed a petition for writ of habeas corpus, which was dismissed without a hearing, in which he alleged that the habitual criminal statute was illegal. This court affirmed the summary dismissal, finding that the habitual criminal statute was not unconstitutional, and our supreme court denied the petitioner's application for permission to appeal. Paul L. Hawkins and James Earl Lofton v. State, No. M2005-02807-CCA-R3-HC, 2006 WL 2206094, at *1-3 (Tenn. Crim. App. July 27, 2006), perm. to appeal denied (Tenn. Dec. 27, 2006).

On March 24, 2010, the petitioner filed the petition at issue in this case, alleging that he is being illegally restrained because he "was never effectively sentenced according to his actual convictions, but instead, illegally sentenced as being an Habitual Criminal under the 1982 Criminal Sentencing Act." On April 16, 2010, the habeas court entered an order dismissing the petition without a hearing on the basis that the petitioner's allegations did not entitle him to habeas corpus relief. This appeal followed.

## ANALYSIS

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

The habitual criminal statute, which has since been repealed, provided for enhanced punishment of life imprisonment for enumerated felonies if a defendant had the requisite number of prior felonies. See Tenn. Code Ann. § 39-1-801 et seq. (1982) (repealed 1989). Procedurally, a defendant was charged with the underlying offense in one count of the indictment or presentment and with being an habitual criminal in a second count, with the jury considering evidence in support of the habitual criminal charge after finding the defendant guilty of the underlying substantive offense. See id.; State v. Wyrick, 62 S.W.3d 751, 763-64 (Tenn. Crim. App. 2001). The Habitual Criminal Act did not, however, "'create an independent crime but a status prescribing circumstances under which there is an enhanced penalty for the present crime.'" Wyrick, 62 S.W.3d at 764 (quoting Harrison v. State, 394 S.W.2d 713, 714 (Tenn. 1965); State v. Duffel, 665 S.W.2d 402, 404 (Tenn. Crim. App. 1983)).

The petitioner does not challenge the jury's finding that he was an habitual criminal in the instant case. Instead, his argument, as we understand it, is that his judgments for his substantive offenses were never final, thereby rendering his confinement illegal, because the trial court failed to pronounce separate sentences for the underlying substantive offenses before sentencing him to life imprisonment in accordance with the habitual criminal counts of the indictment.

As the State points out, this court addressed a similar issue in Canupp v. State, 460 S.W.2d 382 (Tenn. Crim. App. 1970), where a petitioner "attack[ed] the validity of his conviction as an habitual criminal on the sole basis that in his original trial the court did not pronounce judgment upon the jury's verdict finding him guilty of grand larceny, his insistence being that a judgment by the trial court upon that verdict was a positive prerequisite to the habitual criminal judgment." Id. at 384. We rejected that claim, concluding that, since the petitioner's status as an habitual criminal mandated life

imprisonment for his conviction, there was no error in the sentencing procedure employed by the trial court:

> Thus, it can no longer be open to question or debatable that it is wholly unnecessary for the trial court to pronounce separate judgments upon the verdict of the jury finding the defendant guilty of the specified crime presently charged, and also upon the verdict finding him guilty as an habitual criminal. It would be an idle thing to hold that the trial court must pronounce judgment upon the verdict of the jury finding the defendant guilty of the present crime, when the punishment for that offense (except in cases punishable by death) is by statute automatically and mandatorily increased to life imprisonment upon the defendant's conviction as an habitual criminal. The law does not concern itself with trifles. As a matter of law, as an habitual criminal the defendant is subject to that punishment and no other.

Id. at 384-85.

We are unpersuaded by the petitioner's argument that his case is distinguishable from Canupp because the Canupp jury, in returning its verdict on the substantive offense, "sentenced" Canupp by fixing his punishment at three years in the state penitentiary. See id. at 383; see also State v. Jay Will Kilby, No. 03C01-9110-CR-00332, 1992 WL 97086, at *1 (Tenn. Crim. App. May 12, 1992) (noting that trial court's having imposed life sentences upon jury's finding of defendant's habitual criminality, without first having sentenced the defendant upon his guilty plea convictions for the triggering offenses, was a procedure authorized both by statute and by the holding in Canupp). We conclude, therefore, that the habeas corpus court's summary dismissal of the petition was proper.

## **CONCLUSION**

We conclude that the petitioner's allegations do not entitle him to habeas corpus relief. Accordingly, we affirm the summary dismissal of his petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE
